### 22502. YOUNG et al. v. MORRISON et al.

Argued May 11, 1964—Decided June 15, 1964— Rehearing denied July 6, 1964.

*T. J. Long, Ben Weinberg, Jr.,* for plaintiffs in error.

*Hewlett & Ward, Florence Hewlett Dendy, Cullen M. Ward, T. J. Long, Ben Weinberg, Jr.,* contra.

DUCKWORTH, Chief Justice. This case squarely presents the question of whether or not a Georgia court can render a judgment in personam against residents of Florida when they had in no fashion submitted to the jurisdiction and had not been served personally. In requiring that residents of the State be sued in the county of their residence, the Constitution, Art. VI, Sec. XIV, Par. VI (*Code Ann.* § 2-4906; Const. of 1945), manifests an unmistakable intent to require that suits be brought where the defendant lives. That intent is irreconcilable with the ideas implicit in *Code Ann.* § 68-808 (Ga. L. 1957, pp. 649, 650) which purports to authorize a suit in personam in Georgia courts against a nonresident of Georgia. Almost a century ago the United States Supreme Court in Pennoyer v. Neff, 95 U.S. 714 (24 LE

565), spoke so clearly on this question until no reasonable doubt should now exist. We quote headnote 2 in that decision, which is: "A personal judgment is without any validity, if it be rendered by a State court in an action upon a money-demand against a non-resident of the State, who was served by a publication of summons, but upon whom no personal service of process within the State was made, and who did not appear . . ." At page 720 in that opinion it was said: "The authority of every tribunal is necessarily restricted by the territorial limits of the State in which it is established. Any attempt to exercise authority beyond those limits would be deemed in every other forum, as has been said by this Court, an illegitimate assumption of power, and be resisted as mere abuse." Again at page 726, it is said: "If without personal service, judgments *in personam*, obtained *ex parte* against non-residents and absent parties, upon mere publication of process, which, in the great majority of cases, would never be seen by the parties interested, could be upheld and enforced, they would be the constant instruments of fraud and oppression." Finally we quote from page 727 as follows: "Process from the tribunals of one State cannot run into another State, and summon parties there domiciled to leave its territory and respond to proceedings against them. Publication of process or notice within the State where the tribunal sits cannot create any greater obligation upon the non-resident to appear. Process sent to him out of the State, and process published within it, are equally unavailable in proceedings to establish his personal liability." The foregoing quotations from the opinion of the U. S. Supreme Court demonstrate that courts of Georgia have no jurisdiction to decide cases in personam against residents of another State, unless the nonresident in some fashion submits to the jurisdiction of the Georgia court. One way by which a nonresident submits to the jurisdiction of the Georgia courts is provided in Ga. L. 1937, pp. 732, 733 (*Code Ann.* § 68-801) which was held constitutional in *Lloyd Adams, Inc. v. Liberty Mut. Life Ins. Co.*, 190 Ga. 633 (10 SE2d 46). There a nonresident, as a condition precedent to operating a motor vehicle upon the highways of this State, automatically

designated an attorney in fact upon whom process could be served in cases arising out of his operation. But the 1957 amendment of that Act (Ga. L. 1957, pp. 649, 650; *Code Ann.* § 68-808) attempts to legislatively define the term "nonresident" to cause it to embrace a resident. It is upon this amendment that this case arises and depends.

The Supreme Court in International Shoe Co. v. Washington, 326 U. S. 310 (66 SC 154, 90 LE 95), while adhering to its decision in Pennoyer v. Neff, supra, accepted somewhat of a relaxation of the hard rule in its former decision, but then required "contacts, ties or relations" as a basis of jurisdiction. It was there said with references to the due process clause of the Constitution, at page 319, that: "That clause does not contemplate that a state may make binding a judgment *in personam* against an individual or corporate defendant with which the state has no contacts, ties or relations. Cf. Pennoyer v. Neff, supra." The court there found the maintenance of sample rooms and agents in the State by the defendant justified its being sued therein. At page 316 it is said: "Historically the jurisdiction of courts to render judgments *in personam* is grounded on their de facto power over the defendant's person. Hence his presence within the territorial jurisdiction of a court was prerequisite to its rendition of a judgment personally binding him."

Counsel for the defendant in error strongly contend that *Dependable Ins. Co. v. Gibbs,* 218 Ga. 305 (127 SE2d 454), supports their position. While the writer of this opinion dissented in that case, yet that was a suit against an insurance company, and the majority cited a number of cases upholding the right to sue railroads, insurance companies and electric companies in the county where the injury occurred, or the contract was executed or was to be performed. We find nothing in that case that supports the defendant in error.

So much of the 1957 Act, supra, as authorizes a suit against any person who is a bona fide resident of another State and who was a resident of this State when the cause of action arose, is violative of Art. I, Sec. I, Par. III of the Georgia Constitution (*Code Ann.* § 2-103; Const. of 1945), and the Fourteenth Amendment of the United States Constitution (*Code* § 1-815) in that it is a denial of due process and therefore void.

The trial court erred in overruling the plea to the jurisdiction raising that constitutional point. We have read with interest the very able argument of counsel to the effect that Georgia, in the exercise of her police power could impose upon every operator of a motor vehicle on her highways the condition that he waive his constitutional right to be sued in the State of his residence, and by operating the vehicle he consented to waive his right and be sued in this State. We disagree. Georgia provides by law the conditions upon which a person can obtain a license to drive, and when these are met and the license issues there is no further condition to the exercise of that right.

If the present suit was well founded, then these injured persons would be greatly aided in prosecuting that just claim under this procedure. But what of an innocent person who changes his residence from Georgia to California or any foreign nation, and a faked claim is sued upon against him here in Georgia? This Act would in such event be a license to a blackmailer to corruptly collect money from an innocent man, or else impose upon him unconscionable expenses to return thousands of miles to defend against a fraudulent suit.

For the reasons stated, the judgment excepted to is

*Reversed. All the Justices concur.*