## 44708, 44709. NATIONAL SURETY CORPORATION, Intervenor v. HERNANDEZ (two cases).

EBERHARDT, Judge. In these cases plaintiffs sought to perfect service under the Nonresident Motorists' Act (*Code Ann.* § 68-801 et seq.) on Wiley McClenton, of Newark, N. J., the owner of a truck which had collided with an automobile driven by Mrs. Josie Hernandez in Savannah, and in which Mrs.

Eunice Hernandez was a passenger, each alleging in her suit for damages that she suffered injuries attributable to the negligence of McClenton in the operation of his truck on a public highway of this State. The postal authorities were unable to make delivery of the registered letters addressed to McClinton by the Secretary of State enclosing copies of the petitions and process and they were returned when addressed to him at 116 Walnut Street in Newark marked "Unknown," and when addressed to him at 119 Walnut Street in Newark marked "Unclaimed." See *Stone v. Sinkfield,* 70 Ga. App. 787 (29 SE2d 310); *Cheek v. Norton,* 106 Ga. App. 280 (126 SE2d (816); Anno. 95 ALR2d 1033. Cf. *Roland v. Shelton,* 106 Ga. App. 581 (127 SE2d 497). Plaintiffs' counsel thereupon sent copies to him by registered mail addressed to 131 Walnut Street in Newark, and these were returned marked "Refused." If these had been sent by the Secretary of State it might have satisfied the statutory requirements. See *Mull v. Taylor,* 68 Ga. App. 663 (23 SE2d 595). Anno. 95 ALR2d 1033.

Plaintiffs carried uninsured motorist coverage with National Surety Corporation, and it intervened for the purpose of contesting the jurisdiction of the court and the right of plaintiffs to recover. See *State Farm &c. Ins. Co. v. Glover,* 113 Ga. App. 815 (149 SE2d 852), cert. den.

To enable them to obtain the judgments necessary for proceeding against the insurer (*Quattlebaum v. Allstate Ins. Co.,* 119 Ga. App. 791 (168 SE2d 596)), plaintiffs then sought to perfect service on McClenton by publication under the provisions of *Code Ann.* § 81A-104 (e) (1), and the court ordered it done. National Surety moved that the order for service by publication be vacated because § 81A-104 (e) (1) does not provide for service by publication except in proceedings in which service by publication is authorized by law, and where by law special provision is made therefor.

The motion to vacate was denied, certified for review, and National Surety Corporation appeals. *Held:*

We need look no further than the provisions of the statutes. There is no provision in the Nonresident Motorists' Act (*Code Ch.* 68-8) of this State, the "long arm" statute (*Code Ann.* § 24-113.1 et seq.), or in the statutes relative to torts (*Code Title* 105), for service on a nonresident defendant by publication. By its own terms the provision in § 81A-104 (e) (1) for service by publication is limited in § 81A-104 (i) by the

qualification that "the provisions for service by publication herein provided shall apply in any action or proceeding in which service by publication now or hereafter may be authorized by law." Consequently, this method of service is not available in this situation.

A contrary holding would afford an unconstitutional application of the Code section, for it would not include the requisites of due process found in statutes such as the Long Arm Statute or as are found in the Nonresident Motorists' Act itself.

It would enable a resident of this State to institute in the courts of this State any kind of civil action against any nonresident, serve him by publication and obtain a judgment in personam, which flies in the teeth of the holding in Pennoyer v. Neff, 95 U. S. 714 (24 LE 565). And compare *Young v. Morrison*, 220 Ga. 127 (137 SE2d 456). While it is possible to provide by statute that the courts of this State may assume jurisdiction of a nonresident and render an in personam judgment against him, the safeguards of due process must be included. See International Shoe Co. v. State of Washington, 326 U. S. 310 (66 SC 154, 90 LE 95).

*Judgments reversed. Bell, C. J., and Deen, J., concur.*

ARGUED SEPTEMBER 3, 1969—DECIDED SEPTEMBER 12, 1969.

*Brannen, Clark & Hester, Frank P. Brannen,* for appellant.
*Pierce, Ranitz, Lee, Berry & Mahoney, Thomas J. Mahoney, Jr., Morton G. Forbes,* for appellees.