128 Ga. App. 610 (1973)
197 S.E.2d 410
VEAL
v.
GENERAL ACCIDENT FIRE & LIFE ASSURANCE CORPORATION, LTD.
47479.
Court of Appeals of Georgia.
Argued September 6, 1972.
Decided March 14, 1973.
Rehearing Denied March 29, 1973.
*612 Benjamin Zeesman, for appellant.
Jay, Garden & Sherrell, Clayton Jay, Jr., for appellee.
BELL, Chief Judge.
Plaintiff in a prior personal injury action arising out of a vehicular collision obtained an in personam judgment against Zebbie Williams. Service upon the defendant Williams was attempted by *611 publication under CPA § 4 (e) (1) (i) (Code Ann. § 81A-104 (e) (1) (i)). This suit against the insurance company followed. The plaintiff seeks to collect her judgment claiming that Zebbie Williams was an insured driver under the terms of an automobile liability policy issued by the defendant. The defendant was granted a summary judgment. Held:
The motion for summary judgment was based in part on the insurer's defense that the prior judgment against Zebbie Williams was void as the court in which the judgment was rendered did not have jurisdiction over his person. A void judgment may be attacked in any court and by any person. CPA § 60 (a) (Code Ann. § 81A-160 (a)). In National Surety Corp. v. Hernandez, 120 Ga. App. 307 (170 SE2d 318) it was held that "by its own terms the provision in § 81A-104 (e) (1) for service by publication is limited in § 81A-104 (i) by the qualification that `the provisions for service by publication herein provided shall apply in any action or proceeding in which service by publication now or hereafter may be authorized by law.'" While Hernandez concerned a nonresident defendant and it is not clear here as to whether Zebbie Williams was a resident of this state and then absconded to Florida or was a nonresident at the time of the collision, the result is the same. There is no provision in this state whereby courts may acquire jurisdiction over a defendant by service by publication and then render an in personam judgment against him. See Young v. Morrison, 220 Ga. 127 (137 SE2d 456). Consequently, the judgment which plaintiff seeks to enforce against the insurer was void. The trial court properly granted the motion for summary judgment.
Judgment affirmed. Eberhardt, P. J., Quillian, Clark and Stolz, JJ., concur. Hall, P. J., Pannell and Deen, JJ., concur in the judgment only. Evans, J., dissents.
EVANS, Judge, dissenting.
Veal sued Williams because of an automobile mishap, and obtained a verdict and judgment against him. Defendant did not pay the money due under this judgment, and as he was an insured driver by General Accident Fire & Life Assurance Corp., Ltd., under its automobile liability policy, Veal then filed suit against said insurance corporation, to enforce and collect the judgment he had obtained against this insured driver.
The insurance company filed certain defenses to Veal's suit against it, and in one of these defenses, it contended that Veal did not have a valid judgment against its insured, Williams, because Williams had not been legally and properly served in the prior action. The service Veal had procured against Williams in the earlier suit was by publication, under the provisions of Code Ann. § 81A-104 (e) (1) (i) ( § 4, CPA; Ga. L. 1966, pp. 609, 610; 1967, pp. 226, 227, 228, 249; 1968, pp. 1104, 1105; 1969, p. 487; 1972, pp. 689, 692). The insurance company moved for summary judgment, based on its contention that there had been no legal and proper service on its insured, Williams, and that, therefore, the court was without jurisdiction to grant a judgment in personam (for money) against the defendant Williams. The lower court granted defendant's motion for summary judgment and the plaintiff appeals.
The majority has affirmed, holding the service to be invalid, and relies for authority upon two prior appellate court decisions, neither of which is applicable. The first decision relied on by the majority is that of Young v. Morrison, 220 Ga. 127 (137 SE2d 456), but in that case there was an attack upon the statute authorizing service by publication, as being unconstitutional. It was not the *613 statute involved here, but was an earlier one, to wit, Code Ann. § 68-808 (Ga. L. 1957, pp. 649, 650). In the case sub judice we have a later statute for consideration as to which there has been no attack because of being unconstitutional. This court has no authority of its own volition, ex mero motu, to strike down a statute for being unconstitutional unless there is a proper and valid attack made upon its constitutionality. See Bentley v. Anderson-McGriff Hardware Co., 181 Ga. 813 (1) (184 SE 297); Thompson v. Allen, 195 Ga. 733 (2) (25 SE2d 423). Therefore, the Young case, supra, can in no wise be considered authority for striking down or ignoring the statute here involved.
The other authority upon which the majority relies is that of National Security Corp. v. Hernandez, 120 Ga. App. 307 (170 SE2d 318). Although that case dealt with the present statute, to wit, Code Ann. § 81A-104 (e) (1) (i), supra, it flew into the face of error at the very outset by recognizing the Young case, supra, as authority, overlooking the fact that Young was a case where there was a constitutional attack made against the earlier statute, whereas there was none made in the Hernandez case. Next, the Hernandez case overlooks the vast difference in the statute declared unconstitutional by the Supreme Court in Young, supra, and the statute in the case sub judice. Code Ann. § 68-808 deals with nonresidents only, whereas Code Ann. § 81A-104 (e) (1) (i) deals with nonresidents, persons who have departed from the state, persons who conceal themselves to avoid service of summons, or cannot, after diligence, be found within the state. Let it be emphasized that these are entirely different matters than those set forth in Code Ann. § 68-808. Under Code Ann. § 81A-104, it was not necessary to show that defendant was a nonresident of the state, or that he had departed from this state, or that he concealed himself to avoid service of summons; it was sufficient to show that said defendant "cannot, after due *614 diligence, be found within the State." The defendant might have been a resident of the state, but if plaintiff showed due diligence, and could not find him within the state, then this statute immediately applied, and plaintiff was entitled to make affidavit to such facts and obtain an order of service by publication.
That is exactly what plaintiff did do; his affidavit is replete with circumstances showing the extreme diligence, trouble and care plaintiff took to try to find defendant within this state, and yet he could not. Admittedly there are some hearsay statements in the affidavit on other matters, but as to due diligence, the plaintiff's own affidavit was direct evidence on that point and was uncontradicted.
For the foregoing reason, I dissent.