## 28086. BARNES v. CONTINENTAL INSURANCE COMPANY.

SUBMITTED JULY 13, 1973 — DECIDED OCTOBER 5, 1973 —
REHEARING DENIED OCTOBER 25, 1973.

*Garland & Garland, Reuben A. Garland, Jr., Edward T. M. Garland,* for appellant.

*Swift, Currie, McGhee & Hiers, J. Alexander Porter,* for appellee.

MOBLEY, Chief Justice. Jesse Danny Barnes filed a complaint against Continental Insurance Company, demanding judgment against it for the amount of a default judgment obtained by the plaintiff against Oscar Owen Land, III. Barnes alleged that he had obtained judgment against Land, after service by publication, for a tort committed by Land in the negligent operation of a motor vehicle, which resulted in injuries to Barnes; and that Land was insured under a policy issued by Continental.

Continental filed an answer, and thereafter filed a motion for judgment on the pleadings. The first ground of the motion was that service was not perfected upon Land, in the action upon which the complaint against Continental was predicated, in accordance with Code Ann. § 81A-104 (Ga. L. 1966, pp. 609, 610, as amended).

The second ground of the motion was that Ga. L. 1966, pp. 609, 610, § 4 (e) (1) (i), as amended (Code Ann. § 81A-104 (e,1,i)) wherein it is provided: "When the person on whom service is to be made resides out of the state, or has departed from the state, or cannot, after due diligence, be found within the state, or conceals himself to avoid the service of the summons, and the fact shall appear, by affidavit, to the satisfaction of the judge or clerk of the court, and it shall appear, either by affidavit or by a verified complaint on file, that a claim exists against the defendant in respect to whom the service is to be made, and that he is a necessary or proper party to the action, such judge or clerk may grant an order that the service be made by the publication of summons," violates the due process clauses of the State and Federal Constitutions, as applied to the facts of this case.

Continental's motion for judgment on the pleadings was granted by the trial judge and the complaint of Barnes was dismissed with prejudice. The appeal is from this judgment.

"A judgment void on its face may be attacked in any court by

any person." Code Ann. § 81A-160 (a) (Ga. L. 1966, pp. 609, 662; Ga. L. 1967, pp. 226, 239, 240). Where the service in a case is insufficient to give the court jurisdiction to render a judgment, and there is no waiver of service, the judgment may be attacked by any person whose rights are affected by the judgment. *McBride v. Bryan,* 67 Ga. 584, 587 (3); *Phillips v. Wait,* 106 Ga. 589, 591 (32 SE 842); *Winn v. Armour & Co.,* 184 Ga. 769 (2) (193 SE 447).

It is the contention of Continental (appellee) that no valid judgment in personam in a tort action can be rendered against a person who is served only by publication, and who does not waive personal service. Barnes (appellant) obtained service by publication against Land in the tort action as a person who could not be found within the state. There is nothing in the record to indicate whether he was a resident or nonresident.

In *National Surety Corp. v. Hernandez,* 120 Ga. App. 307 (170 SE2d 318), which dealt with service by publication of a tort action on a nonresident, the Court of Appeals held: "By its own terms the provision in § 81A-104 (e) (1) for service by publication is limited in § 81A-104 (i) by the qualification that 'the provisions for service by publication herein provided shall apply in any action or proceeding in which service by publication now or hereafter may be authorized by law.' Consequently, this method of service is not available in this situation." It was pointed out that a contrary holding would afford an unconstitutional application of the Code section against a nonresident.

It is our opinion that the Court of Appeals correctly held that the provision in Code Ann. § 81A-104 (e, 1, i) as to the service of nonresidents by publication (which provision also includes persons who cannot be found within the state) is applicable only in those instances where service by publication is allowed by law. Our statutes pertaining to torts (Code Title 105) contain no provision for service by publication in any action for personal judgment for a tort against any person, resident or nonresident. This construction of the statute is consonant with due process.

The default judgment against Land, which was obtained after service by publication, and with no waiver of service, was void, and the trial judge did not err in dismissing the complaint of Barnes against Continental, predicated on the default judgment against Land.

*Judgment affirmed. All the Justices concur.*