### 33997. MELTON v. JOHNSON et al.

NICHOLS, Chief Justice.

Melton appeals from the order denying his motion to set aside in personam monetary judgments obtained against him by Johnson and Sobel.

Johnson and Sobel filed suit against Melton and others, alleging violations of the Georgia and federal securities Acts, breach of contract and fraud arising out of the sale of stock in a corporation named Image Industries, Inc. Personal service was obtained upon other defendants but Melton, a resident of Fulton County, Georgia, secreted himself within the State of Georgia, declined to accept

service of process, and successfully evaded all efforts of counsel for Johnson and Sobel to get personal service of process on him.

Johnson and Sobel moved for an order providing for service by publication and by mail in accordance with Code Ann. § 81A-104. The motion was supported by an affidavit of James G. Jackson, counsel for Johnson and Sobel, as to his repeated efforts to get personal service on Melton and as to Melton's continuing wilful and deliberate efforts to avoid service. Jackson had talked with Melton over the telephone, had told him about the lawsuit and had asked him to allow himself to be served. Melton had declined, saying he had no assets in his name and was judgment-proof. The court granted the motion and service was made by publication and by mail in accordance with Code Ann. § 81A-104.

Melton did not file defensive pleadings. Default judgments were entered against him. Johnson and Sobel thereafter took judgments on jury verdicts obtained against Melton.

Melton filed his motion to set the judgments aside on the alternative grounds that no Georgia statute authorizes service by publication and by mail in the present case or if any statute does authorize service by publication and by mail, then it denies him due process under the State and Federal Constitutions. The trial court found as a fact that Melton had actual knowledge of the pendency of the lawsuit and that he wilfully had evaded service of process. The denial of Melton's motion to set the judgments aside precipitated this appeal.

The question presented is whether this resident of Georgia, who was present within the state and had actual knowledge that a suit had been filed against him in his county of residence, can avoid answering the complaint by evading the process server. This court concludes that he cannot.

Melton insists that the decision of this court is controlled by *National Surety Corp. v. Hernandez,* 120 Ga. App. 307 (170 SE2d 318) (1969); *Veal v. General Acc. &c. Assur. Corp.,* 128 Ga. App. 610 (197 SE2d 410) (1973); and *Barnes v. Continental Ins. Co.,* 231 Ga. 246 (201 SE2d 150) (1973). Each of those cases related to persons who were not

residents of Georgia or whose state of residence was in doubt. In the present case, Melton unquestionably is a resident of Fulton County, Georgia, who is present within the state, and who "conceals himself to avoid the service of the summons" within the meaning of Code Ann. § 81A-104 (e) (1) (i). Accordingly, this case must be distinguished on its facts from *National Surety Corp.*, supra, *Veal*, supra, and *Barnes*, supra, as well as from such cases as *Stallings v. Stallings*, 127 Ga. 464 (56 SE 469) (1906) (Georgia resident sojourning out of state and served by mail as a nonresident); *Hood v. Hood*, 130 Ga. 610 (61 SE 471) (1908) (nonresident served by publication); *Hicks v. Hicks*, 193 Ga. 446 (18 SE2d 754) (1942) (nonresident served by publication); and *Slowik v. Knorr*, 222 Ga. 669 (151 SE2d 726) (1966) (nonresident served by mail).

Melton makes no contention that he did not know about the pendency of the lawsuit or that he did not receive the process mailed to him. Rather, he merely insists he was not personally served and that the clerk's return of service was incomplete in that it contained no recital that service had been made by publication. Since for the reasons discussed hereafter, the trial court acquired jurisdiction over Melton, it follows that Melton should have appeared and objected to the return if he wished to raise an issue as to its incompleteness. Incompleteness of the return of service is an amendable defect cured by judgment where, as in the present case, the record contains facts showing jurisdiction of the court over the defendant and the defendant makes no issue as to his actual knowledge of the pendency of the lawsuit and his actual receipt of process. *Rielly v. Crook*, 112 Ga. App. 334 (145 SE2d 110) (1965).

The laws of Georgia authorize service by publication and by mail where the defendant conceals himself to avoid service of process. Code Ann. § 81A-104 (e). Furthermore, Code Ann. § 81A-104 (i) most clearly provides that "In all cases . . . where the requirements or procedure for service, or both, are not prescribed by law and in any situation where the provisions therefor are not clear or certain, the court may prescribe service according to the exigencies of each case" provided only that this service be "consistent

with the constitution." Our decision in *Barnes v. Continental Ins. Co.,* 231 Ga. 246 (201 SE2d 150) (1973), that a default judgment was void because it was obtained against a person (1) who was not clearly a resident of Georgia, (2) who had been served by publication, and (3) who had not waived process and service of process remains the law in this state as to defendants who are not clearly residents of Georgia. *Barnes,* supra, did not involve, and did not express any opinion or view as to a resident defendant who has actual knowledge of a suit pending against him and who wilfully secrets himself in order to frustrate all reasonable efforts to effect personal service. The fundamental, historical requirement of Pennoyer v. Neff, 95 U. S. 714 (1877), that the defendant be present within the jurisdiction of the court rendering an in personam judgment against him was the underlying consideration of *National Surety Corp. v. Hernandez,* 120 Ga. App. 307 (170 SE2d 318) (1969), relied upon by this court in *Barnes* as the basis of our judgment. Pennoyer clearly is satisfied in the present case, the defendant being a resident of Fulton County, Georgia. *Young v. Morrison,* 220 Ga. 127 (137 SE2d 456) (1964).

The adequacy of the notice given to Melton, *not* his presence within the state, is the issue in the present case. As to the adequacy of substituted service, the Supreme Court of the United States has said: "Its adequacy so far as due process is concerned is dependent on whether or not the form of substituted service provided for such cases and employed is reasonably calculated to give him actual notice of the proceedings and an opportunity to be heard." Milliken v. Meyer, 311 U. S. 457, 463 (1940). See *Pelletier v. Northbrook Garden Apts.,* 233 Ga. 208, 211 (210 SE2d 722) (1974). Thus, the dispositive question becomes one of whether or not the service by publication and by mail that was effected in this case under court order issued pursuant to Code Ann. § 81A-104 (i) and in accordance with the requirements of Code Ann. § 81A-104 (e) was "consistent with the constitution."

This court cannot lay down a sweeping rule applicable in all cases in which service by publication and by mail is made on a defendant who secrets himself to avoid the process server because due process requires "fair

notice" under the particular circumstances of each case. The courts of California have recognized that strict compliance with the procedures for service by publication contained in a statute similar to Code Ann. § 81A-104 will not always result in a constitutionally valid personal judgment since such procedures will not always provide "fair notice." The facts of each case will control. Cradduck v. Financial Indemnity Co., 242 Cal. App. 2d 850 (52 Cal. Rptr. 90) (1966). See *Pelletier v. Northbrook Garden Apts.,* supra. Service by publication and by mail does not provide due process when personal service could have been made. 62 AmJur2d 851, Process, § 71. The most that can be said is that under the facts of this case this court will pay no heed to an assertion by Melton that he was subjected to such fundamental unfairness as will give rise to a legitimate assertion that he has been denied due process. The courts of California have reached this result on similar facts under a virtually identical statute. Miller v. Superior Court, 195 Cal. App. 2d 779 (16 Cal. Rptr. 36) (1961).

This court long has been of the opinion that the General Assembly may enact laws providing a procedure for service of process on Georgia residents by publication and by mail if state and federal concepts of due process are not violated. *Fleming v. West,* 98 Ga. 778, 780 (27 SE 157)(1896); *Stallings v. Stallings,* 127 Ga. 464, 468 (56 SE 469) (1906); *Piggly-Wiggly Ga. Co. v. May Investing Corp.,* 189 Ga. 477, 488 (6 SE2d 579) (1939). The General Assembly obviously intends that its authorization of substituted service be limited to such service as is "consistent with the Constitution." Code Ann. § 81A-104 (i). The Act itself therefore is not subject to constitutional challenge on the ground that it denies due process. Neither does the application of the Act under the facts of this case deny due process. This court extends to this Georgia resident defendant no less protection than currently is being extended by other states of the union to their residents. See 62 AmJur2d 849, 851, 854, Process, §§ 69, 70, 73; 72 CJS 1071, Process, § 56 (b).

The trial court did not err in refusing to grant Melton's motion to set aside the judgments.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 1, 1978 — DECIDED OCTOBER 18, 1978.

*Stanley H. Nylen,* for appellant.
*Bernard L. Greer, Jr., Daniel I. MacIntyre,* for appellees.