## 59881. WALKER v. FERRIER.

DEEN, Chief Judge.

Sarah Y. Ferrier brought suit on an account against Henry Walker contending that he owed her $2,000 principal and $29.58 in interest. The address given for service upon the defendant was "2017 Candler Road, Decatur, Georgia." No personal service of the complaint was had upon the defendant at this or any other address. On May 8, 1979, the trial court entered an order for service by publication in the Decatur DeKalb News and it was published May 17, 24, 31 and June 7. The defendant did not file an answer and on August 22, 1979, a default judgment was entered against him. On August 22, 1979, he moved for an order to set aside the default. He brings this appeal from the denial of his motion. *Held:*

Code Ann. § 81A-104 (e) (1) (i) provides: "When the person on whom service is to be made resides out of the State, or has departed from the State, or cannot, after due diligence, be found within the State, or conceals himself to avoid the service of the summons, and the fact shall appear, *by affidavit,* to the satisfaction of the judge or clerk of the court, *and it shall appear, either by affidavit or by a verified complaint on file, that a claim exists against the defendant* in respect to whom the service is to be made, and that he is a necessary or proper party to the action, such judge or clerk may grant an order that the service be made by the publication of summons." (Emphasis supplied.)

Assuming, without deciding, that appellant had personal knowledge of the suit and concealed himself within the state in order to avoid personal service as did the defendant in *Melton v. Johnson,* 242 Ga. 400 (249 SE2d 82) (1978), there is nothing in the record to show that an affidavit was filed with the judge or the clerk of court that the defendant could not be found within the state or had concealed himself to avoid service of the summons and there is neither an affidavit nor verified complaint on file showing that a claim exists against the defendant.

Accordingly, the trial court erred in permitting service by publication and refusing to reopen the default judgment.

*Judgment reversed. Birdsong and Sognier, JJ., concur.*

SUBMITTED MAY 5, 1980 — DECIDED MAY 21, 1980.

*Alfred J. Turk, III,* for appellant.
*Karen Horner, Curtis Cook,* for appellee.