A00A0635. SOUTHEASTERN SECURITY INSURANCE COMPANY v. LOWE.
(530 SE2d 231)

MCMURRAY, Presiding Judge.

On July 2, 1998, Gregory J. Lowe filed suit against Kia D. Hunter in the Superior Court of Effingham County to recover dam-

---

[11] Id.

ages for injuries sustained in an automobile accident on May 21, 1997. On July 6, 1998, personal service was unsuccessfully attempted on Hunter at the address listed in the accident report. On the same day, Lowe sent a courtesy copy of the complaint by certified mail to the agent for Hunter's insurer, Southeastern Security Insurance Company ("Southeastern"). On July 30, 1998, the superior court issued an order for service by publication based upon an affidavit of Lowe's counsel, which stated that Hunter could not be found within the state. Notice was published in the county's official legal organ for four consecutive weeks. Neither Hunter nor her insurer defended the action. On October 16, 1998, the superior court heard evidence of damages and entered judgment in favor of Lowe for $11,000.

On December 17, 1998, Lowe filed the instant declaratory judgment action against Southeastern seeking to hold it liable for the judgment entered against its insured. The parties filed cross-motions for summary judgment. The trial court granted Lowe's motion and denied Southeastern's motion. Southeastern appeals. *Held*:

1. Southeastern alleges the trial court erred in ruling that service by publication in the Effingham County action sufficed to support an in personam judgment against the tortfeasor which could be enforced against Southeastern. This argument has merit.

This Court consistently has held that without personal service, in personam jurisdiction does not attach, and no money judgment may be recovered from the tortfeasor or his insurer.[1] "There is no provision in this state whereby courts may acquire jurisdiction over a defendant by service by publication and then render an in personam judgment against him."[2]

The exceptions to this rule are limited. For example, if a plaintiff is unable to obtain personal service against an uninsured motorist, then OCGA § 33-7-11 (e) allows service by publication upon a showing of due diligence. A judgment so obtained may be enforced against the uninsured motorist carrier, as long as other statutory requirements are met.[3] This exception does not apply in the case sub judice because Southeastern is Hunter's liability carrier.

Another exception was created in *Melton v. Johnson*.[4] That case involved a defendant who was sued in his county of residence, had actual knowledge of the suit pending against him, and wilfully concealed himself "in order to frustrate all reasonable efforts to effect

---

[1] *Smith v. Commercial Union Assurance Co.*, 246 Ga. 50 (268 SE2d 632); *Barnes v. Continental Ins. Co.*, 231 Ga. 246, 247 (201 SE2d 150); *Jones v. Cropps*, 197 Ga. App. 313, 314 (1) (398 SE2d 295); *Green v. Young*, 197 Ga. App. 101, 102 (397 SE2d 509).

[2] *Veal v. Gen. Accident &c. Corp.*, 128 Ga. App. 610, 611 (197 SE2d 410).

[3] *Brown v. State Farm &c. Ins. Co.*, 242 Ga. App. 313 (529 SE2d 439); *Wilson v. State Farm &c. Ins. Co.*, 239 Ga. App. 168, 171 (520 SE2d 917).

[4] 242 Ga. 400 (249 SE2d 82).

personal service."[5] Although Hunter was aware of the suit, the facts of the case sub judice are distinguishable from *Melton*. Hunter was sued in Effingham County. However, in her affidavit, which Lowe filed in support of his motion for summary judgment, Hunter reveals that she had moved with her mother to Chatham County shortly after the automobile accident at issue. Moreover, Lowe did not offer any facts to show that Hunter wilfully evaded service of process.

Accordingly, this case falls within the general rule that an in personam judgment against the tortfeasor must precede recovery from the insurer. It was error to grant summary judgment to Lowe and to deny it to Southeastern.

2. Lowe argues that based on OCGA § 33-7-15, Southeastern is barred from denying coverage because it had notice of the underlying action. We disagree.

OCGA § 33-7-15 does not negate the requirement that an in personam judgment must be obtained against the insured tortfeasor before the insurer will be obligated to pay it. The statute merely provides in part that an insurer cannot claim lack of notice of a suit against its insured as a reason to deny coverage as long as notice is provided by a third party.[6]

3. Lowe's motion to supplement the record on appeal is denied as moot.

*Judgment reversed. Johnson, C. J., and Phipps, J., concur.*

DECIDED FEBRUARY 29, 2000 — ▮▮▮▮▮▮▮

*Brennan, Harris & Rominger, Mason White, James D. Kreyenbuhl*, for appellant.
*Hall & Sullivan, Joseph M. Hall*, for appellee.

---

[5] Id. at 403.

[6] Compare *Ga. Farm &c. Ins. Co. v. Martin*, 209 Ga. App. 237 (433 SE2d 315), rev'd on other grounds, 264 Ga. 347 (444 SE2d 739).