## A07A1022. WYATT v. HOUSE.
(652 SE2d 627)

BARNES, Chief Judge.

Hazel Dianne Wyatt sued McKensley House for damages arising from a May 10, 2003 automobile accident. Wyatt filed the complaint on May 5, 2005, but never perfected service on House before he voluntarily dismissed the action without prejudice on July 13, 2005.

On September 13, 2005, Wyatt re-filed the action, and served House by publication because she was unsuccessful in her attempts to perfect personal service upon House. Service by publication was completed and proof was filed with the court; however, on May 10, 2006 the trial court issued an order finding that the service by publication was not good and legal service, and gave Wyatt 120 days from the date of the order to perfect personal service upon House. House acknowledged service on August 17, 2006. Wyatt filed a motion to enforce an earlier settlement agreement, but House filed a motion to dismiss, contending that the complaint was barred by the statute of limitation. Following a hearing, the trial court denied Wyatt's motion to enforce the settlement agreement, and granted House's motion to dismiss. It is from that order that Wyatt appeals.

1. Wyatt first contends that the trial court erred in finding that the service by publication to House was invalid. She argues that

*Barnes v. Continental Ins. Co.*, 231 Ga. 246 (201 SE2d 150) (1973), upon which the trial court based its ruling, is inapplicable because House had notice of the claim and "constructive, if not actual knowledge of the complaint for damages." We do not agree.

Service by publication is applicable only in those instances where such service is allowed by law. Georgia's statutes regarding torts (OCGA Title 51) contain no provision for service by publication in any action for a personal judgment against any person, resident or nonresident. *Barnes v. Continental Ins. Co.*, supra, 231 Ga. at 247. While service by publication may be used pursuant to OCGA § 33-7-11 for purposes of complying with the condition precedent for pursuing one's uninsured motorist insurance (UIM) carrier, that service will not serve as a foundation for an in personam judgment against the tortfeasor. *Bailey v. Lawrence*, 235 Ga. App. 73, 76 (1) (508 SE2d 450) (1998).

In *Melton v. Johnson*, 242 Ga. 400 (249 SE2d 82) (1978), the Supreme Court of Georgia held that an exception exists when the defendant, who was sued in his county of residence, had actual knowledge of the suit pending against him, and wilfully concealed himself "in order to frustrate all reasonable efforts to effect personal service." Id. at 403. Here, Wyatt did not offer any facts to show that House had knowledge of the complaint or had wilfully evaded service of process. Therefore the trial court did not err in holding that service by publication was not valid service.

2. In two related enumerations of error, Wyatt contends that the trial court erred in granting the motion to dismiss. Wyatt argues that dismissal was improper because service was perfected as the trial court had directed, and because the statute of limitation had not run before House acknowledged service. Wyatt contends that the statute was tolled under OCGA § 9-3-94 when House left the state after the accident with the intent of changing his address. While the trial court did not state the basis for its dismissal in the order, House had maintained that Wyatt's original suit was void for lack of service, and her attempt to re-file the action after the statute of limitation expired should result in dismissal of the complaint.

OCGA § 9-2-61 (a) provides:

> When any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state or in a federal court either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later, subject to the requirement of payment of costs in the original action as required by subsection (d) of

Code Section 9-11-41; provided, however, if the dismissal or discontinuance occurs after the expiration of the applicable period of limitation, this privilege of renewal shall be exercised only once.

It is undisputed that the statute of limitation applicable to the cause of action had expired, and that Wyatt timely re-filed the action within the six-month period under the renewal provisions of OCGA § 9-2-61. The issue before us is whether the renewal statute was available to Wyatt in this case, where House was not legally served until after the expiration of the statute of limitation, and Wyatt voluntarily dismissed the complaint after the limitation period expired and before service was perfected.

The Supreme Court of Georgia held in *Hobbs v. Arthur*, 264 Ga. 359 (444 SE2d 322) (1994):

The privilege of dismissal and renewal does not apply to cases decided on their merits or to void cases, but does allow renewal if the previous action was merely voidable. The original suit is void if service was never perfected, since the filing of a complaint without perfecting service does not constitute a pending suit. A suit is also void and incapable of renewal under OCGA § 9-2-61 (a) if there has been a judicial determination that dismissal is authorized. However, unless and until the trial court enters an order dismissing a valid action, it is merely voidable and not void.

(Citations and punctuation omitted.) Id. at 360. If the original suit is void, then the second suit is not a renewal suit under OCGA § 9-2-61 (a) and the plaintiff cannot rely on the original suit's filing date for statute of limitation purposes.

Here, it is undisputed that service was not perfected upon House in the original suit, which rendered that suit void and precluded use of its filing date for statute of limitation purposes in this second suit.

3. Wyatt also argues that the trial court erred in denying her motion to enforce a settlement agreement. We do not agree.

The record reflects that after the May 2003 accident, in April 2005, Wyatt's counsel sent GEICO, House's insurance carrier, a letter requesting payment of the policy limit of $25,000 with a limited liability release for damages related to the accident. GEICO responded that it would meet Wyatt's "demand for our policy limits of 25000. You requested settlement with a Limited release[;] however, we feel our insured is better protected with a Release in Full. Please check with the UIM carrier on waiving their subrogation allowing us to settle with the Release in Full." In May 2005, GEICO mailed a lien

affidavit and release for Wyatt to sign, and, separately, a check for $25,000 to be held in escrow "until the enclosed Release is signed by [Wyatt] and return to [GEICO]." Wyatt never signed or returned these documents, and an August 2005 letter from GEICO's counsel to Wyatt's counsel indicated that in response to a "recent inquiry with . . . GEICO concerning the matter of a settlement offer in this case . . . GEICO is not prepared to extend any offer of settlement at this time."

> An answer to an offer will not amount to an acceptance, so as to result in a contract, unless it is unconditional and identical with the terms of the offer. [Cit.] To constitute a contract, the offer must be accepted unequivocally and without variance of any sort. . . . [Cit.] A purported acceptance of a plaintiff's settlement offer which imposes conditions . . . will be construed as a counter-offer to the offer to settle for the policy limits. [Cit.]

(Punctuation omitted.) *Herring v. Dunning*, 213 Ga. App. 695, 698 (446 SE2d 199) (1994). See also *Auto-Owners Ins. Co. v. Crawford*, 240 Ga. App. 748, 750 (1) (525 SE2d 118) (1999) (meeting of the minds and mutual assent can be found only where the acceptance of an offer was unconditional, unequivocal, and without variance of any sort).

In this case, the undisputed evidence did not establish that GEICO responded to Wyatt's written offer to settle in the manner required to constitute an acceptance. GEICO's references to requiring a full release were not "merely precatory," as we found in *Herring v. Dunning*, supra, 213 Ga. App. at 699, and, therefore, constituted a variance from Wyatt's offer.[1] In this case, it is clear from the May 2005 letter that GEICO required a signed full release and lien affidavit before the case would settle. GEICO's response to Wyatt's offer required an additional act necessary to accept Wyatt's offer to settle for the policy limits — a full release from Wyatt rather than the limited release Wyatt had proposed. Thus, no binding agreement was reached and the trial court did not err in denying Wyatt's motion to enforce the settlement agreement.

4. Wyatt last contends that the trial court erred in dismissing her complaint because the issues raised in House's motions were res

---

[1] In *Herring v. Dunning*, supra, 213 Ga. App. at 698-699 we held that defense counsel's request, in a letter accepting the plaintiff's offer to settle for the policy limit, that plaintiff's counsel confirm defense counsel's understanding that "no liens of any kind" existed in the case, was "merely precatory," that is, a mere request, and did not render the intended acceptance a counteroffer.

judicata as the trial court had earlier issued an order finding that service had not been perfected by publication, but allowing Wyatt 120 days to perfect service.

The doctrine of res judicata prevents the re-litigation of all claims that have already been adjudicated, or that could have been adjudicated, between identical parties or their privies in identical causes of action. OCGA § 9-12-40. For res judicata to apply, there are three prerequisites: "(1) identity of the cause of action, (2) identity of the parties or their privies, and (3) previous adjudication on the merits by a court of competent jurisdiction." *Waldroup v. Greene County Hosp. Auth.*, 265 Ga. 864, 866 (1) (463 SE2d 5) (1995). In this case, the doctrine does not apply because the earlier order merely found that service had not been perfected. There was no adjudication regarding whether the present action was void or whether the statute of limitation had run.

*Judgment affirmed. Smith, P. J., and Miller, J., concur.*

DECIDED OCTOBER 5, 2007.

*Alexander J. Repasky*, for appellant.
*Bridges, Ormand & Faenza, Richard L. Ormand, Natalie M. Smith*, for appellee.