## A08A1718. ANDERSON v. BENTON.
### (673 SE2d 338)

DOYLE, Judge.

Christopher Shawn Anderson appeals from the trial court's order denying his motion to enforce a settlement agreement between him and Enga P. Benton. Anderson also appeals the trial court's order granting partial summary judgment to Benton as to his

defenses of accord and satisfaction, release and/or settlement, and estoppel, each of which relate to his claim that the parties had reached a settlement. Because we agree with the trial court that there was not a binding settlement agreement, we affirm the trial court's order.

We conduct a de novo review of a trial court's order on both a motion to enforce a settlement agreement and a motion for summary judgment.[1] The issues raised in such motions are analogous.[2] To prevail on either a motion for summary judgment or a motion to enforce a settlement agreement, "a party must show the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of the appellant's case."[3]

Benton filed suit against Anderson to recover damages arising from an automobile collision. Benton's daughter, Sequia Livingston, and Sequia's father, Kenneth Livingston, were also in the car, and they allegedly were injured in the collision as well.[4] On July 19, 2006,[5] attorney Thomas Bordeaux sent a letter to Kimberly Garlin, a claims representative for AssuranceAmerica Insurance Company, which insured Anderson.[6] In the demand letter, Bordeaux requested the limits of Anderson's policy, stating that acceptance of the offer was conditioned upon proof from the insurer that the amount tendered was the entire amount of the applicable coverage and indicating that the offer would remain open for 20 days from receipt of the letter. Bordeaux advised Garlin that he also represented Sequia Livingston for her claims for injuries arising out of the collision with Anderson. However, he also specifically stated that the letter was "exclusively directed to . . . Benton's claims for her own personal injuries" and was

> *not* intended as an offer to release Ms. Benton's claims arising out of her *minor child's* injuries, which claims include Ms. Benton's individual claims set by Georgia law for medical bills (for treatment of her daughter) and loss of

---

[1] See *DeRossett Enterprises v. Gen. Elec. Capital Corp.*, 275 Ga. App. 728 (621 SE2d 755) (2005); *Conley v. Dawson*, 257 Ga. App. 665, 666 (572 SE2d 34) (2002).

[2] See *DeRossett Enterprises*, 275 Ga. App. at 728.

[3] (Punctuation omitted.) Id.; see *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

[4] Sequia and Kenneth Livingston are not parties to the instant case.

[5] The letter was erroneously dated "June 20, 2006." However, it is undisputed that the letter was mailed on July 19, 2006 and that the insurance company received it on July 24, 2006.

[6] Bordeaux incorrectly refers to Garlin as "Garland" in his correspondence to her.

services (of her daughter) or those which she holds in trust for her daughter.[7]

The next correspondence was a letter from Garlin to Bordeaux dated August 10, 2006, stating:

This will confirm our conversation of [August 10, 2006]. . . . We extended an offer of $25,000 . . . for injuries sustained [by] Enga Benton . . . in the [April 3, 2006] accident. This offer includes any derivative claims and any liens such as hospital, workers compensation, Medicaid, Medicare, or ERISA. . . . This offer is also contingent upon your client signing a full release of any and all claims against our insured.

Bordeaux responded to Garlin via letter the same day, specifically denying that he had a telephone conversation with her. He further stated:

I presume that since you are extending your own offer rather than accepting the one I previously made to you by certified letter (mis-)dated June 20, 2006, that you have not accepted my offer.

Before I can consider your offer, I obviously will need to read the "full release" upon which you explicitly state your offer is contingent. Please immediately fax me your proposed release in order that I might properly evaluate your offer.

On August 17, 2006, Garlin sent a letter to Bordeaux, specifically stating therein that "the offer AssuranceAmerica extended . . . for . . . Enga Benton for $25,000 is not extended to your other clients[,] Mr. Livingston and Ms. Livingston" and requesting records and bills for the Livingstons for evaluation. However, Garlin's enclosed, two-page proposed release required that, in exchange for the payment of $25,000, Benton would agree to release "any and all claims" arising in any way out of the April 3, 2006 automobile accident. The release also indicated that it was

intended to cover all actions, causes of action, claims[,] and demands for, upon, or by reason of any damage, loss[,] or injury, known or unknown, which may be traced either

---

[7] (Emphasis in original.)

directly or indirectly to the aforesaid occurrence, as now appearing or as may appear at any time in the future, no matter how remotely they may be related to the aforesaid occurrence.

In response, Bordeaux sent Garlin a letter dated August 21, 2006, stating that "I am currently reviewing the release and will need to make some changes in it which I am currently working on." Finally, in a subsequent letter dated August 25, 2006, Bordeaux informed Garlin that Benton rejected the offer because the release sought "to require Ms. Benton to release her claims arising out of her own injuries and her claim or claims arising out of her child's injuries (and, for that matter, in any other way arising out of this wreck)."

Thereafter, Benton filed suit against Anderson, who answered, raising the defenses of, inter alia, accord and satisfaction, release and/or settlement, and estoppel. Benton then moved for partial summary judgment on the above-listed defenses, and Anderson filed a motion to enforce the settlement agreement. After oral argument, the trial court granted Benton's motion for partial summary judgment and denied Anderson's motion to enforce the settlement agreement. This appeal followed.

1. Anderson argues that the trial court erred in denying his motion to enforce the settlement agreement. We disagree.

In deciding whether the parties entered into an enforceable settlement agreement, we are governed by well-established principles.

Compromises of doubtful rights are upheld by general policy, as tending to prevent litigation, in all enlightened systems of jurisprudence. In considering the enforceability of an alleged settlement agreement, however, a trial court is obviously limited to those terms upon which the parties themselves have mutually agreed. Absent such mutual agreement, there is no enforceable contract as between the parties. It is the duty of courts to construe and enforce contracts as made, and not to make them for the parties.[8]

Here, the issue is whether the parties reached a mutual agreement.

---

[8] (Citations, punctuation and emphasis omitted.) *Herring v. Dunning*, 213 Ga. App. 695, 696-697 (446 SE2d 199) (1994).

An answer to an offer will not amount to an acceptance, so as to result in a contract, unless it is unconditional and identical with the terms of the offer. To constitute a contract, the offer must be accepted unequivocally and without variance of any sort. A purported acceptance of a plaintiff's settlement offer which imposes conditions will be construed as a counter-offer to the offer to settle for the policy limits.[9]

In the instant case, Bordeaux's demand letter expressly stated that the demand was for Benton's claims only and that she did not intend to release any claims she might have held with regard to her daughter's injuries. Thus, because the $25,000 offer contained in Garlin's response letter of August 10, 2006 was specifically contingent upon Benton signing a full release of any and all claims she might have against Anderson, it did not constitute an acceptance; instead, it was a counteroffer.[10] In his response made the same day, Bordeaux did not accept the counteroffer, but instead insisted on reviewing the proposed release "before [he could] consider [the] offer." And although Garlin's August 17, 2006 cover letter indicated that the offer did not extend to Sequia or Kenneth Livingston, the enclosed proposed release required Benton to wholly release any and all claims she might have arising in any way out of the collision at issue and did not except any derivative claim that Benton might have against Anderson. Bordeaux unequivocally rejected Garlin's counteroffer. Thus, the parties did not reach a binding agreement, and the trial court did not err in denying Anderson's motion to enforce the settlement agreement.[11]

2. Anderson also contends that the trial court erred in granting Benton's motion for summary judgment as to his defenses of accord and satisfaction, release and/or settlement, and estoppel. For the same reasons set forth in Division 1, we find no error in the trial court's grant of partial summary judgment to Benton.

---

[9] (Citations and punctuation omitted.) *Wyatt v. House*, 287 Ga. App. 739, 742 (3) (652 SE2d 627) (2007).

[10] See id.

[11] See *Frickey v. Jones*, 280 Ga. 573, 575-576 (630 SE2d 374) (2006) (no binding agreement because the defendant's response to the plaintiff's offer was contingent upon an additional act and therefore constituted a counteroffer); *Wyatt*, 287 Ga. App. at 742 (3); *Auto-Owners Ins. Co. v. Crawford*, 240 Ga. App. 748, 750 (1) (525 SE2d 118) (1999); *Johnson v. Martin*, 142 Ga. App. 311, 311-312 (235 SE2d 728) (1977) (no settlement agreement because the offer was contingent upon the acceptance of a proposed release document requiring the plaintiff to release any claims against any persons arising from the automobile incident). Compare *Herring*, 213 Ga. App. at 699-700 (settlement agreement enforceable because, although the parties disagreed on the terms of the release form, the plaintiff's offer contained no specific requirements regarding the release and the plaintiff explicitly referred to the defendant's response as an acceptance of the plaintiff's offer).

*Judgment affirmed. Andrews, P. J., and Bernes, J., concur.*

DECIDED FEBRUARY 9, 2009.

*Lowendick, Cuzdey, Ehrmann, Wagner, Stine & Sansalone, Stanley A. Coburn, Michael J. O'Hagan,* for appellant.
*Bordeaux & Abbot, Thomas C. Bordeaux, Jr.,* for appellee.