**SECOND DIVISION**
**MILLER, P. J.,**
**RICKMAN and REESE, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**June 6, 2019**

# In the Court of Appeals of Georgia

A19A0632. HENDERSON v. JAMES.

RICKMAN, Judge.

In this personal injury action, the trial court denied a motion to dismiss filed on behalf of Robert Lee Henderson–who has never been personally served and whose whereabouts are unknown–by his insurer, on the basis that service by publication was insufficient to confer personal jurisdiction over him. We granted an application for discretionary appeal filed on Henderson's behalf in order to examine whether the trial court erred in holding that in personam jurisdiction attached so as to authorize the court to render a potential monetary judgment against Henderson. We hold that service by publication was insufficient under the facts of this case and, therefore, reverse.

When reviewing a trial court's ruling on a motion to dismiss for lack of jurisdiction that has been decided on the basis of written submissions, "[we are] in an equal position with the trial court to determine the facts and therefore examine[ ] the facts under a non-deferential standard." (Citations omitted.) *City of Sandy Springs Board of Appeals v. Traton Homes, LLC*, 341 Ga. App. 551, 552 (801 SE2d 599) (2017). When reviewing a ruling on a motion to dismiss for insufficient service, a trial court's ruling "will be upheld on appeal absent a showing of an abuse of discretion." (Citation omitted.) Id. And "when an appeal from the denial of a motion to dismiss presents a question of law, we review the trial court's decision de novo." (Citations omitted.) Id.

The undisputed facts are as follows. In June 2015, Henderson and Marion Jerome James were involved in a motor vehicle accident in Ware County, Georgia. James filed suit against Henderson on October 4, 2016, alleging that the accident was caused by, and that he suffered injury as a result of, Henderson's negligent operation of his vehicle. The complaint further alleged that Henderson was a resident of Ware County and lived at "2847 South Lakeview Drive," as was reflected on the 2015 accident report.

The sheriff returned an entry of service non est after attempting unsuccessfully to personally serve Henderson at the Lakeview Drive address. The entry of service noted that Henderson could "not be found in the jurisdiction of [the Ware County] court" and that the Lakeview Drive address was "a vacant house."

On December 2, 2016, James filed an amended complaint in which he stated that Henderson "has apparently departed from Ware County and the State of Georgia. Therefore, the whereabouts of [Henderson] is currently unknown, and [Henderson] must be served by publication." Attached as exhibits to the amended complaint was a sworn affidavit from James's counsel seeking service by publication and an order from the trial court authorizing service by publication.

Counsel's affidavit contained a single paragraph that addressed James's attempts to locate and serve Henderson. In its entirety, the paragraph read:

> [Henderson] resided at 2847 South Lakeview Drive, Waycross, Ware County, Georgia at the time of the automobile accident referred to in this action, but since the said automobile accident and filing of this action, has apparently departed from Ware County, and the State of Georgia. [James] does not know the present residence or where [Henderson] can be found. [James] has made a diligent search for [Henderson] by contacting his friends and relatives, but has had no success. [James] has no reason to believe that [Henderson] now resides in this State. The

> above stated address is the last place at which [Henderson] resided according to the best of [James's] knowledge, information and belief.

The trial court's order authorizing the requested service by publication concluded that, "Henderson, on whom service is to be made in this case resides out of the State, or has departed from the State, or after due diligence, cannot be found within the State, or conceals himself to avoid service of the Summons." The trial court subsequently entered an order stating that service upon Henderson had been perfected by publication.

While Henderson's location remained unknown, James served a courtesy copy of the original and amended complaints on Henderson's insurer, GEICO General Insurance Company, although GEICO was not a named party to the lawsuit. GEICO filed an answer on behalf of its insured which included the affirmative defenses of lack of personal jurisdiction, insufficient process, and insufficient service of process.[1]

---

[1] See generally *Barnes v. Continental Ins. Co.*, 231 Ga. 246, 247 (201 SE2d 150) (1973) ("Where the service in a case is insufficient to give the court jurisdiction to render a judgment, and there is no waiver of service, the judgment may be attacked by any person whose rights are affected by the judgment.").

In February 2018, after the expiration of the statutory two-year limitation period,[2] GEICO filed a motion to dismiss on behalf of Henderson in which it contended, among other things, that service by publication alone was insufficient to establish personal jurisdiction over him. James filed a brief in opposition to the motion that included an affidavit in which his counsel detailed the steps taken in an attempt to locate and personally serve Henderson.

The affidavit stated that the following occurred before the filing of the lawsuit: "GEICO was unable to locate its insured, and could not give [counsel] a good address for . . . Henderson"[3]; counsel read about a second motor vehicle accident involving a man named "Robert Henderson" in a local paper and filed open record requests to obtain the incident and booking reports from that accident, which included a phone number and address in Blackshear, Georgia; "when this phone number was called,

_____

[2] See OCGA § 9-3-33 (noting, with few exceptions, that "actions for injuries to the person shall be brought within two years after the right of action accrues").

[3] The record shows that in response to Jones's discovery requests, GEICO provided "327 Nottingham Drive, Brunswick Georgia," as an address at which Henderson had lived "within the last five (5) years," but there is no evidence that Jones attempted to locate Henderson at that address.

there was no such person named Robert Henderson living at that address."[4] The following occurred after the filing of the lawsuit: personal service was unsuccessful at the "vacant house" located at the Lakeview Drive address listed on the police report for the instant accident; counsel's assistant conducted an internet and Facebook search and determined that someone matching Henderson's name and demographics lived in Blackshear and apparently stayed with a sister in Brunswick for the month of October 2016, but the assistant was otherwise unable to locate Henderson after accessing WhitePages Premium; and counsel mailed notice of the lawsuit via certified mail to the "vacant" Lakeview Drive address, but the notice was returned "unclaimed."

The trial court conducted a hearing on the motion to dismiss, during which it was established that Henderson's location remained unknown to both James and GEICO. The trial court nevertheless denied the motion to dismiss, holding that the affidavit filed by James's counsel in opposition to the motion showed that he "exercised due diligence in attempting to serve" Henderson with the summons and complaint, but that "Henderson could not be found within the State of Georgia." The

---

[4] The affidavit does not specify who made the telephone call, to whom that person spoke, or how the telephone call definitively established and/or confirmed that Henderson did not live at the Blackshear address.

6

court further held that "there is sufficient evidence to conclude that . . . Henderson wilfully secreted himself to avoid service of process"; therefore, the court held that service by publication was sufficient to establish personal jurisdiction over him.

We granted the application for discretionary review that GEICO filed on Henderson's behalf, and this appeal follows.

Henderson (through GEICO) argues that the trial court erred in holding that service by publication was sufficient to obtain personal jurisdiction over him under the facts of this case. We agree.

Georgia law allows service to be perfected by publication upon a proper showing that "the person on whom service is to be made resides outside the state, or has departed from the state, or cannot, after due diligence, be found within the state, or conceals himself or herself to avoid the service of the summons[.]" OCGA § 9-11-4 (f) (1) (A). Fundamental notions of due process, however, require that a chosen method of service must be "reasonably certain to give actual notice of the pendency of a proceeding to [interested] parties." (Citation and punctuation omitted.) *Reynolds v. Reynolds*, 296 Ga. 461, 462-463 (769 SE2d 511) (2015). And "notice by publication is a notoriously unreliable means of actually informing interested parties about pending suits." (Citation and punctuation omitted) Id. at 463. Consequently, our

7

Supreme Court has recognized that service by publication "will not always result in a constitutionally valid personal judgment since such procedures will not always provide fair notice." *Melton v. Johnson*, 242 Ga. 400, 404 (249 SE2d 82) (1978).

Within the context of these competing legal principles, the general rule in Georgia is that service by publication does not confer personal jurisdiction over a defendant in a tort action. See *Southeastern Sec. Ins. Co. v. Lowe*, 242 Ga. App. 535, 536 (1) (530 SE2d 231) (2000). Without personal jurisdiction, no money judgment may be recovered. See id. ("This Court consistently has held [with limited exceptions] that without personal service, in personam jurisdiction does not attach, and no money judgment may be recovered from the tortfeasor or his insurer.") (citations omitted); see also *Barnes v. Continental Ins*. Co., 231 Ga. 246, 246-247 (201 SE2d 150) (1973); *Baxley v. Baldwin*, 279 Ga. App. 480, 482 (2) (631 S.E.2d 506) (2006).

The *Melton* Court recognized a narrow exception to this general rule[5]: Service of process by publication affords sufficient due process and confers personal jurisdiction over a defendant to a tort action if the defendant is a resident who is

---

[5] A second exception, not applicable here, renders service by publication sufficient to obtain a nominal judgment against a known but unlocatable uninsured motorist for the purposes of an uninsured motorist claim. See generally OCGA § 33-7-11 (d), (e); *Butler v. Gary, Williams, Parenti, Finney, Lewis, McManus, Watson & Sperando, P.L.*, 280 Ga. App. 207, 210 (3) (633 SE2d 614) (2006).

8

actually present within the jurisdiction of the court, has actual knowledge of the suit, and "wilfully secrets himself in order to frustrate all reasonable efforts to effect personal service." 242 Ga. at 403; see also *Ragan v. Mallow*, 319 Ga. App. 443, 446-447 (2) (744 SE2d 337) (2012). The Court acknowledged that this inquiry is heavily fact specific and must be done on a case-by-case basis. See *Melton*, 242 Ga. at 404.

Here, we need look no further than James's complaint to determine that Henderson does not fall within the *Melton* exception to in personam jurisdiction. James himself contends that Henderson "has apparently departed from Ware County and the State of Georgia," lending itself to the conclusion that Ware County is not his county of residence and he is not within the jurisdiction of the Ware County court. See *Melton*, 242 Ga. at 403. Further, and of equal significance, the record contains no evidence whatsoever that Henderson has actual knowledge of the lawsuit pending against him. It follows that the trial court erred in holding that service by publication was sufficient to provide Henderson with fair notice of the lawsuit so as to confer the court with in personam jurisdiction, and further erred in denying the motion to dismiss filed on Henderson's behalf. See *Lowe*, 242 Ga. App. at 536 (1); see generally

*Wyatt v. House*, 287 Ga. App. 739, 740 (1) (652 SE2d 627) (2007), limited by *Ragan*, 319 Ga. App. 443; *Baxley*, 279 Ga. App. at 482 (2).

*Judgment reversed. Miller, P. J., and Reese, J., concur.*