## A10A2163. WILLIAMS v. PATTERSON.
### (703 SE2d 74)

BLACKBURN, Senior Appellate Judge.

Following an automobile accident, Monta Williams filed a personal injury action against Jerome Patterson. Patterson moved to dismiss the complaint based upon Williams's failure to perfect

---

service of process after the statute of limitation had run. The trial court granted the motion, and Williams appeals, arguing that the court erred (i) in finding that he failed to exercise due diligence in serving Patterson, (ii) in failing to allow him an additional 12 months in which to personally serve Patterson after serving him via publication pursuant to OCGA § 33-7-11 (e), and (iii) in allegedly failing to allow him to proceed against his uninsured motorist ("UM") carrier after Patterson consented to remain in the case as a nominal defendant. For the reasons set forth below, we affirm.

The record shows that on November 19, 2006, Williams was a passenger in an automobile that was involved in a collision with another automobile driven by Patterson. Williams filed a personal injury action against Patterson in April 2008, which was approximately six months before the expiration of the statute of limitation for his claim. See OCGA § 9-3-33. Over the course of the next 12 months, Williams allegedly made several unsuccessful attempts to serve Patterson but successfully served him on March 30, 2009.[1] Nevertheless, Williams dismissed his original complaint on April 8, 2009. Although under OCGA § 9-2-61 (a) Williams had until October 6, 2009, to renew his lawsuit, he filed his renewal action on April 16, 2009.

On May 1, 2009, the sheriff's deputy filed a non est return of service, indicating that he was unable to serve Patterson at 4887 Old Dixie Highway, Apartment 112, which was the address provided in Williams's summons. On May 20, 2009, an answer was filed on behalf of Patterson that asserted, among other things, that Williams's recovery was barred by lack of service of process and by the statute of limitation. In early June 2009, Williams hired a private investigator to locate Patterson, and on June 14, 2009, the investigator informed Williams that Patterson still resided at the Old Dixie Highway address. On July 1, 2009, Williams filed a motion for service by publication and a motion for appointment of a special process server, both of which the trial court granted. On several occasions in August and September 2009, the special process server attempted to serve Patterson at the Old Dixie Highway address. Although these attempts were unsuccessful, the special process server noted that during two of those attempts she was informed that Patterson was in the hospital and that during another attempt the apartment manager confirmed that Patterson did, in fact, still reside at that address. In October 2009, the six-month renewal period expired, and the

---

[1] We note that Williams's factual assertions in his brief that he attempted to serve Patterson after filing his initial complaint are not supported by any citations to the record. "[I]t is not the function of this Court to cull the record on behalf of a party." (Punctuation omitted.) *Rolleston v. Cherry*, 226 Ga. App. 750, 753 (1) (b) (487 SE2d 354) (1997).

special process server made two more unsuccessful attempts to serve Patterson, with the last one occurring on October 24, 2009.

On November 13, 2009, counsel representing Patterson filed a motion to dismiss Williams's complaint, arguing that Williams had failed to exercise due diligence to ensure proper and timely service upon Patterson given the fact that Patterson had still not been served. Thereafter, the special process server made another attempt to serve Patterson on January 4, 2010, but was, again, unsuccessful. In early March 2010, Patterson amended his motion to dismiss to include his affidavit, which stated that he was not hospitalized at any time in September or October 2009 and that he had held the same employment since January 2009. On March 18, 2010, the trial court held a hearing on Patterson's motion to dismiss, and shortly thereafter, the court issued an order granting that motion. This appeal followed.

1. Williams contends that the trial court erred in finding that he failed to exercise due diligence in serving Patterson and therefore that his lawsuit was barred by the statute of limitation. We disagree.

Under OCGA § 9-2-61 (a), a plaintiff may recommence an action he previously dismissed within the original applicable statute of limitation or within six months after the dismissal, whichever is later. However,

> [a] renewed lawsuit under OCGA § 9-2-61 (a) is an action de novo; therefore, the procedural requirements of filing a new complaint and perfecting service must be met anew. Diligence in perfecting service in a renewal action must be measured from the time of filing the renewed suit. Because service of the renewal action in this case was not perfected within the six-month renewal period, [Williams] had the burden of showing that [he] acted in a reasonable and diligent manner in attempting to ensure that proper service was made as quickly as possible.

(Punctuation omitted.) *Long v. Bellamy*.[2] See *Fusco v. Tomlin*.[3] "If [Williams] failed to meet [his] burden of proving due diligence, then [he] was guilty of laches, and service did not relate back to the time of filing the renewed complaint for the purpose of tolling the statute of limitation." *Long*, supra, 296 Ga. App. at 266 (1) (c). "A trial court's finding of insufficient service of process will be upheld on appeal absent a showing of an *abuse of discretion*. Factual disputes

---

[2] *Long v. Bellamy*, 296 Ga. App. 263, 266 (1) (c) (674 SE2d 120) (2009).

[3] *Fusco v. Tomlin*, 285 Ga. App. 819, 820 (648 SE2d 137) (2007).

regarding service are to be resolved by the trial court, and the court's findings will be upheld if there is *any evidence* to support them." (Citation and punctuation omitted; emphasis in original.) *Patel v. Sanders*.[4] See *Long*, supra, 296 Ga. App. at 266-267 (1) (c).

In this matter, Williams made reasonable attempts to serve Patterson for several months after Williams filed his renewal action. However, after his attempt to perfect service on October 24, 2009, 72 days passed before Williams made another attempt on January 4, 2010. In fact, there is no evidence that Williams made any attempt to serve Patterson during this time period despite the fact that Patterson had filed a motion to dismiss based on lack of service less than three weeks after Williams's October 24 attempt. Following the January 4 attempt to perfect service, Williams did not make another attempt at any point in time prior to the March 18, 2010 hearing on Patterson's motion to dismiss. "Our court has held that unexplained lapses in attempting service indicate a failure to pursue service in a reasonably diligent manner." (Punctuation omitted.) *Moore v. Wilkerson*.[5] See *Long*, supra, 296 Ga. App. at 267 (1) (c) (unexplained lapse of seven months indicates a failure to exercise due diligence); *Duffy v. Lyles*[6] (unexplained lapse of four months indicates a failure to pursue service in a reasonably diligent manner); *Davis v. Bushnell*[7] (several unexplained delays in attempts to serve defendant, ranging from three weeks to forty-eight days, indicates a failure to exercise due diligence).

Furthermore, given the facts that Patterson raised the issue of defective service in his answer and filed a motion to dismiss based on lack of service, Williams was "from that point forward, obligated to exercise, not due diligence, but the greatest possible diligence to ensure proper and timely service." (Punctuation omitted.) *Ingraham v. Marr*.[8] Here, the record "does not show that [Williams] exercised either reasonable diligence or the greatest possible diligence in attempting service, and due process requires that we enforce a plaintiff's obligation to diligently pursue service to ensure fairness to all parties involved in a lawsuit." (Punctuation omitted.) *Moore*, supra, 283 Ga. App. at 342-343.

Citing *Feinour v. Ricker Co.*,[9] Williams argues that his efforts to serve Patterson were similarly continuous, and thus, the trial court abused its discretion in finding him guilty of laches. However, as we have already noted, Williams's efforts here were not continuous. To

---

[4] *Patel v. Sanders*, 277 Ga. App. 152, 153 (1) (626 SE2d 145) (2006).
[5] *Moore v. Wilkerson*, 283 Ga. App. 340, 342 (641 SE2d 578) (2007).
[6] *Duffy v. Lyles*, 281 Ga. App. 377, 379 (636 SE2d 91) (2006).
[7] *Davis v. Bushnell*, 245 Ga. App. 221, 222-223 (537 SE2d 477) (2000).
[8] *Ingraham v. Marr*, 246 Ga. App. 445, 447 (2) (540 SE2d 652) (2000).
[9] *Feinour v. Ricker Co.*, 269 Ga. App. 508 (604 SE2d 588) (2004).

the contrary, despite being put on notice that service had not been perfected, Williams allowed one lapse of 72 days and another lapse of 73 days, during which he made no attempt whatsoever to serve Patterson. Furthermore, in *Feinour*, evidence indicated that the defendant had made obvious attempts to evade service. Id. at 511. While Williams argues that Patterson was similarly evading service, he cites no evidence to support this contention. "Facts alleged in briefs but unsupported by evidence in the record cannot be considered on appeal." (Punctuation omitted.) *Keita v. K & S Trading*.[10] Accordingly, the trial court did not abuse its discretion in dismissing Williams's complaint.

2. Williams contends that the trial court erred in failing to allow him an additional 12 months in which to personally serve Patterson after serving him via publication pursuant to OCGA § 33-7-11 (e). We disagree.

OCGA § 33-7-11 (e), in relevant part, provides:

> . . . Following service on the owner or driver by the publication of the summons as provided in this subsection and service as prescribed by law upon the insurance company issuing the policy, the plaintiff shall have a continuing duty to exercise diligence in attempting to locate the owner or driver against whom the claim exists, but such obligation of diligence shall not extend beyond a period of 12 months following service upon the owner or driver by publication of the summons. However, regardless of such time limitations, should the plaintiff learn of the location of the owner or driver against whom the claim exists, the plaintiff shall exercise due diligence to effect service of process upon that owner or driver within a reasonable time period after receiving such information.

Williams argues that because he perfected service upon Patterson via publication in September 2009, the above-quoted language in OCGA § 33-7-11 (e) allows for an additional 12 months after service by publication in which to personally serve Patterson. However, Williams misconstrues this statute's applicability here. This Court has previously held that

> OCGA § 33-7-11 (e) authorizes service by publication on the defendant for the purpose of obtaining a nominal judgment so that a plaintiff may then proceed with an

---

[10] *Keita v. K & S Trading*, 292 Ga. App. 116, 117 (1) (663 SE2d 362) (2008).

action against his or her own UM carrier. The grant of an order for publication implies only that the plaintiffs have showed sufficient diligence to warrant service by publication for that purpose. Notorious service is never sufficient to allow the plaintiff to recover a money judgment from the defendant.

*Cohen v. Allstate Ins. Co.*[11] Indeed, the language in OCGA § 33-7-11 (e) that Williams cites concerns the amount of time that a plaintiff must continue diligent attempts to serve a defendant while proceeding with litigation against the plaintiff's own UM carrier. See *Hayward v. Retention Alternatives Ltd.*[12] We do not read such language as creating an expansion of the time in which personal service accomplished outside the limitation period will relate back to the time of filing of plaintiff's complaint. See *Luca v. State Farm &c. Ins. Co.*;[13] *Cohen*, supra, 277 Ga. App. at 439 (2); *Wilson v. State Farm &c. Ins. Co.*[14] Accordingly, the trial court did not err by finding that OCGA § 33-7-11 (e) does not supersede the necessity of Williams showing that he exercised due diligence in attempting to perfect personal service upon Patterson.

3. Williams also contends that the trial court erred in failing to allow him to proceed against his UM carrier despite the fact that during the hearing on Patterson's motion to dismiss, Patterson's counsel consented to his client remaining in the case as a nominal defendant. This contention is without merit.

At one point during the hearing on Patterson's motion to dismiss, Patterson's counsel commented as follows:

It almost looks to me like they [appellant] concede that they've not served my client but want to at least move forward against the UM carrier that they have served. If they want to agree to dismiss my client and say he has no personal responsibility for the lawsuit and keep him in name only, you know, I am willing to certainly do that so that he has no personal responsibility, his insurance carrier has no personal responsibility and can go forward. My only concern, therefore, is that any potential subrogation claim that could come against him down the road from the UM

---

[11] *Cohen v. Allstate Ins. Co.*, 277 Ga. App. 437, 438 (626 SE2d 628) (2006).

[12] *Hayward v. Retention Alternatives Ltd.*, 291 Ga. App. 232, 235 (2) (661 SE2d 862) (2008).

[13] *Luca v. State Farm &c. Ins. Co.*, 281 Ga. App. 658, 660 (1) (637 SE2d 86) (2006).

[14] *Wilson v. State Farm &c. Ins. Co.*, 239 Ga. App. 168, 170-171 (520 SE2d 917) (1999).

carrier, so I certainly would just like to have the entire ca[se] dismissed entirely.

Reading these comments, we find that Patterson's counsel's consent to his client remaining as a nominal defendant was conditioned on his client being dismissed, which was an event that never occurred. Moreover, there is nothing in the record to suggest that either Williams or the trial court consented to such a course of action. Thus, as Williams's argument "is not supported by the record, it necessarily provides no basis for a claim of error." *Hill v. State*.[15]

4. In light of our decision, Patterson's motion to dismiss Williams's appeal, which was filed prior to his appellee's brief, is moot.

*Judgment affirmed. Barnes, P. J., and Senior Appellate Judge Marion T. Pope, Jr., concur.*

## DECIDED OCTOBER 27, 2010.

*J. C. Love III, Rita T. Williams,* for appellant.
*Hicks, Casey & Foster, William T. Casey, Jr., Erica L. Morton, Matthew L. Hilt,* for appellee.

---

[15] *Hill v. State*, 290 Ga. App. 140, 145 (5) (d) (658 SE2d 863) (2008).