**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**November 15, 2013**

# In the Court of Appeals of Georgia

A13A0755. MANGRAM v. CITY OF BRUNSWICK et al.          DO-042

DOYLE, Presiding Judge.

Antonio Mangram filed a petition for writ of certiorari and a complaint for damages against the City of Brunswick ("the City") and William Weeks, in his official capacity as acting City Manager of Brunswick, (collectively "the defendants"), seeking (1) review of Weeks's decision affirming the City's termination of Mangram's employment, and (2) employment benefits, including back pay for vacation and sick leave, as well as attorney fees. The defendants filed a motion to dismiss Mangram's petition based on his failure to timely serve the defendants as required by OCGA § 5-4-6, and the trial court dismissed the entire action with prejudice. Mangram appeals, and, for the reasons that follow, we reverse and remand with direction.

The record shows that on November 4, 2011, the City terminated Mangram's employment after police found cocaine wrapped in a City uniform shirt at his residence, which conduct the City alleged violated its personnel policy regarding drugs. Mangram sought an evidentiary hearing with Weeks, who upheld the termination on November 15, 2011, following a hearing.

On December 15, 2011, Mangram filed a joint petition for writ of certiorari and complaint for damages in superior court. On January 5, 2012, the superior court sanctioned the writ and directed the clerk of court to issue the writ of certiorari. On February 23, 2012, the defendants filed a motion to dismiss the certiorari petition on the basis that Weeks was not served with a copy of the sanctioned petition for writ of certiorari until February 21, 2012 and the City was not served.[1]

On March 22, 2012, the City filed an answer by special appearance, raising the defense of lack of summons and process. On May 9, 2012, the City and Weeks filed an amended motion to dismiss or, in the alternative, motion for summary judgment,

---

[1] The record does not contain any proof of service, and Mangram does not deny his failure to timely serve the defendants with the petition, nor has he offered any explanation therefor. On appeal, the defendants explain in their brief that the motion to dismiss contained a scrivener's error, and in fact, the City was served through Weeks on February 21, 2012, and Weeks was never served. As set forth below, this is an important distinction that requires us to vacate and remand for further proceedings.

attaching as an exhibit thereto a copy of the City's Personnel Policy, Section 4.13-2.E, which prohibits "conduct, on or off duty, related to alcohol or controlled substances that would undermine the reputation or efficiency of the City . . . (e.g. sale of drugs)," as well as a copy of Mangram's signed "Acknowledgment of Alcohol and Controlled Substance Policy and Consent to be Drug-Tested."[2]

On August 6, 2012, the superior court granted the defendants' motion to dismiss on the grounds that Mangram failed to serve the City and failed to timely serve Weeks as required by OCGA § 5-4-6, dismissing the entire case, including his claim for damages, with prejudice. The court noted that the record did not contain a return of service or any evidence that the City or Weeks had been served except for their motion to dismiss, which states, "Mr. Weeks, as the respondent, was not served until February 21, 2012, a full *47* days after the papers were filed. The City of Brunswick, as the opposing party, has yet to be served."[3] The superior court did not rule on the motion for summary judgment.

---

[2] The defendants did not move for summary judgment on the basis that the statute of limitations had run.

[3] (Emphasis in original.)

Mangram appeals, and in a compound enumeration of error, asserts that the trial court erred by dismissing the action and, in the alternative, that even if dismissal of his petition for certiorari was proper, the trial court erred by entering a dismissal with prejudice.

1. *Petition for writ of certiorari.*

(a) Mangram argues that the trial court erred by granting the defendants' motion to dismiss his petition for a writ of certiorari for failure to timely serve the City. We remand this issue to the trial court for further consideration.

OCGA § 5-4-6 (b) provides:

The certiorari petition and writ shall be filed in the clerk's office within a reasonable time after sanction by the superior court judge; and a copy shall be served on the respondent, within five days after such filing, by the sheriff or his deputy or by the petitioner or his attorney. A copy of the petition and writ shall also be served on the opposite party or his counsel or other legal representative, in person or by mail; and service shall be shown by acknowledgment or by certificate of the counsel or person perfecting the service.

Here, it is undisputed that Mangram failed to timely serve the City (the opposite party) or Weeks (the respondent) with a copy of the petition for certiorari within five days as required by OCGA § 5-4-6 (b). On appeal, the defendants assert

4

that the City was actually served 47 days after the petition was sanctioned by the superior court. Because the parties apparently misinformed the trial court regarding who was served and because there is no proof of service in the record, we remand the case to the trial court for a determination of which, if any, party was in fact served. If the trial court concludes that the City was in fact served, albeit late, it must then determine whether Mangram served the City "in a reasonable and diligent manner in attempting to effectuate proper service as quickly as possible."[4] The petition is subject to dismissal only if the trial court concludes that Mangram failed to do so.

(b) Mangram also argues that even if the trial court properly dismissed the petition for certiorari, it erred by doing so with prejudice. We agree.

The defendants did not file a motion for summary judgment based on expiration of the statute of limitations.[5] Instead, they filed a motion to dismiss Mangram's petition for certiorari for lack of proper and timely service.

---

[4] *Wilson v. Ortiz*, 232 Ga. App. 191, 192 (1) (a) (501 SE2d 247) (1998) ("If an action is filed within the period of limitation, but not served upon the defendant within five days or within the limitation period, the plaintiff must establish that service was made in a reasonable and diligent manner in an attempt to insure that proper service is made as quickly as possible.").

[5] As noted above, the defendants subsequently filed a substantive motion for summary judgment (not addressing the statute of limitations), but the trial court did not rule upon it.

The defense of insufficiency of service of process, along with the other defenses enumerated in . . . OCGA § 9-11-12 (b), except (6), failure to state a claim upon which relief can be granted, are matters in abatement which are not within the scope of the summary judgment procedure, as a motion for summary judgment applies to the merits of the claim or to matters in bar but not to matters in abatement. A dismissal for insufficiency of service of process is a finding by the trial court that service was not perfected in a reasonable and diligent manner within the prescribed statute of limitation and is not a ruling that the plaintiff's action is, in fact, barred by the running of the statute of limitation. On such a motion to dismiss, the trial court cannot determine on the merits that the plaintiff's action is barred by the running of the statute of limitation, because such issue is a factual issue and must eliminate the factual issue of tolling.[6]

Therefore, the trial court erred by dismissing Mangram's petition for writ of certiorari with prejudice.[7]

2. *Claim for damages*. Mangram also argues that the trial court erred by dismissing his claim for damages. We agree. The defendants did not seek dismissal of Mangram's damages claim. Instead, the motion to dismiss requested that the trial

---

[6] (Punctuation omitted.) Id. at 194 (1) (a).

[7] See id.

court dismiss only his petition for writ of certiorari. Therefore, the trial court erred by dismissing Mangram's damages claim.[8]

For the foregoing reasons, we reverse and remand the case for further proceedings consistent with this opinion.

*Judgment reversed and case remanded. McFadden and Boggs, JJ., concur.*

---

[8] For the same reasons set forth in Division 1, a dismissal of Mangram's damages claim in response to a motion to dismiss based on his failure to timely serve the defendants within the prescribed statute of limitation must be without prejudice. See id.