**THIRD DIVISION**
**ELLINGTON, P. J.,**
**DILLARD and MCFADDEN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**March 1, 2016**

# In the Court of Appeals of Georgia

A15A1986 LIPSCOMB v. DAVIS

MCFADDEN, Judge.

Ericka Lipscomb sued Kenneth Davis for personal injuries sustained in an automobile accident on August 15, 2012. The suit was filed on August 12, 2014 , three days before the two year statute of limitation expired. See OCGA § 9-3-33. Davis filed a special appearance answer on December 8, 2014, in which he asserted lack of service of process as a defense. He also filed a motion to dismiss or, in the alternative, motion for summary judgment on that ground . The court granted Davis's motion, stating that "[Lipscomb] has not demonstrated the greatest possible diligence in attempting to serve [Davis]." . Finding no abuse of discretion, we affirm.

The record shows that after Lipscomb filed her complaint against Davis on August 12, 2014, the sheriff attempted service at *2673* Evans Mill Drive on August

21, 2014. The sheriff was unable to serve Davis, who had moved without leaving any forwarding information. On or about October 13, 2014, Lipscomb filed an affidavit of non-service from a private process server, which recited that the process server had attempted to serve Davis on September 13, 2014 at *2669* Evans Mill Drive, but received no answer, and again at the same address on September 20, 2014 when a neighbor told the server that the apartment had been vacant for several months. The process server also stated in his affidavit that the address at which the sheriff had attempted to serve Davis did not exist. A final attempt to serve Davis was made on December 11 - three days after Davis filed a special appearance answer - at an address belonging to Davis's ex-girlfriend who claimed that Davis had moved.

"Absent a showing of an abuse of discretion, a trial court's finding of insufficient service of process must be affirmed." *Franchell v. Clark*, 241 Ga. App. 128, 131 (3) (524 SE2d 512) (1999) (citations omitted). Where service is made after the statute of limitations expires, "the timely filing of the complaint tolls the statute only if the plaintiff shows that he acted in a reasonable and diligent manner in attempting to insure that a proper service was made as quickly as possible." *Slater v. Bount*, 200 Ga. App. 470, 472 (408 SE2d 433) (1991). However, when the statute of limitation has expired, and a defendant raises the issue of defective service, the

2

plaintiff must act with "the greatest possible diligence" from that point forward in order to serve the defendant or risk dismissal of his case. See *Ingraham v. Marr*, 246 Ga. App. 445, 447 (2) (540 SE2d 652) (2000). Under both standards, a plaintiff has the burden of showing she exercised the required diligence and that there are no unexplained lapses in her attempts to serve the defendant; this showing "must be supported by specific dates and details." *Duffy v. Lyles*, 281 Ga. App. 377, 378 (2006) (overruled in part on other grounds). The evidence in this case authorized the trial court to find that Lipscomb did not act with the greatest possible diligence after Davis raised the issue of defective service.

The record shows that after Davis filed a special appearance answer on December 8, Lipscomb made only one more attempt to serve Davis, when the sheriff located Davis's ex-girlfriend who claimed that he had moved. In determining whether a plaintiff exercised the greatest possible diligence, "we focus on [the plaintiff's] actions, not [the Defendant]'s. The fact that a defendant may be hard to find does not justify a lack of effort on the part of a plaintiff." *Ingraham* 246 Ga. App at 447. The trial court was authorized to hold that this lone attempt was insufficient to satisfy the "greatest possible diligence" requirement. See *Williams* 306 Ga. App. at 626. We therefore cannot say as a matter of law that the trial court abused its discretion in

3

holding that Lipscomb did not act with the greatest possible diligence after Davis filed his special appearance answer.

*Judgment affirmed. Ellington, P.J. and Dillard, J., concur.*