[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-12004
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-04147-SCJ

LORNA BLEDSOE,

Plaintiff-Appellant,

versus

OFFICE DEPOT,
OFFICE DEPOT RISK MANAGEMENT,
Claim #3012597378001,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 10, 2018)

Before TJOFLAT, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Lorna Bledsoe, proceeding *pro se*, appeals the district court's order granting the motion to dismiss her negligence action against Office Depot and Office Depot Risk Management ("Office Depot"). Bledsoe argues that the district court incorrectly applied Georgia law when it determined that her claim was barred by the statute of limitations. Alternatively, Bledsoe argues that she demonstrated reasonable and diligent efforts to serve Office Depot as quickly as possible after the expiration of the statute of limitations period and that the limitations period should be tolled because of her incompetency.

I.

A district court's interpretation and application of a statute of limitations is reviewed *de novo*. *Foudy v. Miami-Dade Cty.*, 823 F.3d 590, 592 (11th Cir. 2016), *cert. denied*, 137 S. Ct. 651 (2017). A district court's determination that a plaintiff failed to exercise reasonable diligence in perfecting service is reviewed for abuse of discretion. *See Cambridge Mut. Fire Ins. Co. v. City of Claxton*, 720 F.2d 1230, 1233 (11th Cir. 1983). Generally, we will not consider on appeal issues that were not raised in the district court. *Narey v. Dean*, 32 F.3d 1521, 1526–27 (11th Cir. 1994).

In diversity actions, federal courts must apply state substantive law. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). State statutes of limitations are

substantive laws and must be followed by federal courts in diversity actions. *Cambridge*, 720 F.2d at 1232. Georgia courts have interpreted their service of process statute as an integral part of the state statutes of limitations. *Id.* Accordingly, Georgia law governs whether service made after the statute of limitations expires relates back to the date the action was filed. *See id.*

Under Georgia law, actions for personal injuries must be brought within two years after the right of action accrues. O.C.G.A. § 9-3-33. When service is made after the statute of limitations expires, the timely filing of the complaint will only toll the statute of limitations if the plaintiff demonstrates that she acted reasonably and diligently in attempting to obtain service as quickly as possible. *Lipscomb v. Davis*, 783 S.E. 2d 398, 399 (Ga. App. 2016). If a person suffers a disability after a right of action accrues, which causes them to be legally incompetent, the statute of limitations may be tolled during that period of disability. O.C.G.A. §§ 9-3-90, 9-3-91.

The district court correctly applied Georgia law in a diversity case based on a Georgia cause of action. *Cambridge*, 720 F.2d at 1232. The district court did not abuse its discretion when it determined that Bledsoe had failed to demonstrate reasonable and diligent efforts to obtain service as quickly as possible after the statute of limitations expired, because Bledsoe did not assert any efforts she took to obtain service until almost 60 days after the limitations period expired. We need

3

not consider whether the statute of limitations period was tolled during a period of disability, because Bledsoe did not properly raise this issue before the district court. *Narey*, 32 F.3d at 1526–27. Therefore, the district court did not err by granting the motion to dismiss, and we affirm the district court's order.

   **AFFIRMED.**