**THIRD DIVISION**
**MCFADDEN, C. J.,**
**DOYLE, P. J., and HODGES, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**March 4, 2021**

# In the Court of Appeals of Georgia

A20A1756. DURLAND v. COLOTL et al.

HODGES, Judge.

In this tort action arising from a motor vehicle accident, we must decide whether a plaintiff may bring a renewal action, following a voluntary dismissal, when the plaintiff served the defendant by publication only in the original action and thereafter failed to exercise diligence to locate the defendant.[1] See OCGA § 9-2-61. We conclude that such a failure bars a renewal action, and we therefore affirm the Superior Court of DeKalb County's judgment dismissing Robert Durland's renewal action against Isaac Colotl and United Services Automobile Association ("USAA"), Durland's uninsured motorist insurance carrier ("UM").

---

[1] See OCGA § 33-7-11 (e).

On November 28, 2016, Durland sued Colotl for injuries he allegedly sustained in a December 6, 2014 motor vehicle accident. Durland also served USAA, his UM carrier, pursuant to OCGA § 33-7-11 (e),[2] and USAA answered in its own name. Following an unsuccessful attempt to serve Colotl with process on December 5, 2016, Durland filed a motion to serve Colotl by publication, which the trial granted on January 25, 2017. See OCGA § 9-11-4 (f) (1) (A). In February and March 2017, Durland published notice of his lawsuit in the DeKalb County legal organ.[3] Durland made a second unsuccessful attempt to personally serve Colotl on March 23, 2017, but thereafter undertook no further effort to obtain personal jurisdiction over Colotl.

Nearly two years later, USAA moved to dismiss Durland's complaint on January 7, 2019 due to Durland's failure to comply with his continuing duty to exercise diligence in locating Colotl. See OCGA § 33-7-11 (e). In response, Durland

---

[2] In cases where the owner of a vehicle causing injury to another cannot be found after the exercise of due diligence, "[a] copy of any action filed and all pleadings thereto shall be served as prescribed by law upon the insurance company issuing the policy as though the insurance company issuing the policy were actually named as a party defendant."

[3] Although both Durland's original and renewal actions were filed in the Superior Court of DeKalb County, Durland's publication of service commanded Colotl to "appear at the Superior Court . . . in and for Richmond County, Georgia[.]" None of the parties have addressed the effect, if any, of this discrepancy.

voluntarily dismissed his action on January 10, 2019. Durland filed a renewal action on June 4, 2019,[4] and USAA moved to dismiss Durland's action, arguing that because Durland failed to personally serve Colotl in the original action, he was not entitled to file a renewal action under OCGA § 9-2-61.[5] The trial court agreed and granted USAA's motion to dismiss, and this appeal followed.

1. First, Durland contends that the trial court erred when it considered his diligence in attempting to personally serve Colotl in the original action prior to his voluntary dismissal of the action. Essentially, Durland argues that his renewal action is a de novo proceeding and that any unadjudicated issues of service in the original action are irrelevant. This argument misses the point of the trial court's order. Although the trial court did cite Durland's lack of diligence in its order granting USAA's motion to dismiss, the trial court concluded that Durland "never established personal jurisdiction through personal service or otherwise" in the original action and that, therefore, he could not avail himself of a renewal action pursuant to OCGA § 9-2-61. We find no error.

---

[4] The trial court denied Durland's motion for service by publication of the renewal action.

[5] Colotl joined USAA's motion to dismiss by special appearance.

3

"We review the trial court's ruling on a motion to dismiss under the de novo standard of review." (Citation omitted.) *Walker County v. Tri-State Crematory*, 292 Ga. App. 411 (664 SE2d 788) (2008). As a threshold matter, OCGA § 9-2-61 (a) authorizes a plaintiff, after discontinuing or dismissing a civil action, to recommence — or renew — the action "either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later[.]" However, "[t]he renewal statute applies only to actions that are valid prior to dismissal. To constitute a 'valid action,' the complaint must be served *personally* on the defendant." (Citation and punctuation omitted; emphasis supplied.) *Hudson v. Mehaffey*, 239 Ga. App. 705, 706 (521 SE2d 838) (1999); see also *Hobbs v. Arthur*, 264 Ga. 359, 360 (444 SE2d 322) (1994) ("The original suit is void if service was never perfected, since the filing of a complaint without perfecting service does not constitute a pending suit."); *Williams v. Hunter*, 291 Ga. App. 731, 732 (662 SE2d 810) (2008). And while OCGA § 9-11-4 (f) (1) (A) authorizes service by publication if "the person on whom service is to be made resides outside the state, or has departed from the state, or cannot, after due diligence, be found within the state, or conceals himself or herself to avoid the service of the summons," "the general rule in Georgia is that service by publication does not confer personal jurisdiction over a defendant

4

in a tort action." *Henderson v. James*, 350 Ga. App. 361, 364 (829 SE2d 429) (2019); accord *Southeastern Security Ins. Co. v. Lowe*, 242 Ga. App. 535, 536 (1) (530 SE2d 231) (2000); see also OCGA § 9-11-4 (f) (1) (A), (C) (procedures for service of summons by publication). Indeed, "[w]ithout personal jurisdiction, no money judgment may be recovered." *Henderson*, 350 Ga. App. at 364.

Here, the record indicates that Durland never personally served Colotl with the original complaint. As a result, when Durland dismissed the original complaint without ever having serving Colotl, the original action was not a "valid action" to which OCGA § 9-2-61 (a) applied. See, e.g., *Hobbs*, 264 Ga. at 360; *Williams*, 291 Ga. App. at 732. It necessarily follows that the trial court correctly dismissed Durland's renewal action, filed well after the statute of limitation expired. See, e.g., id. ("the privilege of renewal under this action applies only to actions that are valid prior to dismissal") (citation and punctuation omitted); see also *Brasile v. Beck*, 312 Ga. App. 77, 78 (2) (717 SE2d 677) (2011); *Costello v. Bothers*, 278 Ga. App. 750, 752 (2) (629 SE2d 599) (2006).[6]

---

[6] *Ragan v. Mallow*, which overruled in part *Brasile*, *Costello*, and a sweeping collection of similar cases, rejected the notion "that service by publication is *never* sufficient to confer personal jurisdiction against any defendant[.]" (Emphasis in original.) 319 Ga. App. 443, 447 (2) (744 SE2d 337) (2012). Nevertheless, *Ragan* suggests that the circumstances in which OCGA § 9-11-4 (f) may supply personal

Durland is not rescued by his reliance upon *Robinson v. Boyd*, 288 Ga. 53, 56 (2) (701 SE2d 165) (2010). In that case, our Supreme Court noted that "it is firmly established that the renewal suit is deemed an action de novo, in which defenses to the original action are inapplicable *unless they would render the original action void and not just voidable.*" (Punctuation omitted; emphasis supplied.) Id.; see also *Hobbs*, 264 Ga. at 360 ("The renewal suit is an action de novo. As such, the procedural prerequisites of filing the renewed complaint and service of process must be met anew.") (citation omitted). "Untimely service of process is such an inapplicable defense." *Robinson*, 288 Ga. at 56 (2).

> Accordingly, inasmuch as diligence in perfecting service of process in an action properly refiled under OCGA § 9-2-61 (a) must be measured from the time of filing the renewed suit, any delay in service in a valid first action is not available as an affirmative defense in the renewal action.

*Hobbs*, 264 Ga. at 360-361. However, the critical distinction between *Robinson* and this case is that the plaintiff in *Robinson*, despite a five-year delay from the time he filed his complaint, ultimately perfected personal service in the original action so as

jurisdiction based upon service by publication are limited to instances of willful evasion of service by Georgia residents — a factor not present in this case. Id. at 446-447 (2); see also *Henderson*, 350 Ga. App. at 364-365.

6

to support jurisdiction. 288 Ga. at 55 (1). In this case, notwithstanding Durland's service by publication, Durland failed to obtain personal service on Colotl in the original action at all. As a result, *Robinson* does not control this case.

Our conclusion is buttressed by a review of OCGA § 33-7-11 (e). In cases, like this one, for the recovery of uninsured motorist benefits,

> where the owner or operator of any vehicle causing injury or damage is known and either or both are named as defendants in any action for such injury or damages but the person resides out of the state, has departed from the state, cannot after due diligence be found within the state, or conceals himself to avoid the service of summons, . . . the judge may grant an order that the service be made on the owner or driver by the publication of summons.

OCGA § 33-7-11 (e); see also OCGA § 9-11-4 (f) (1) (A), (C) (procedures for service of summons by publication). Therefore,

> OCGA § 33-7-11 (e) authorizes service by publication on the defendant for the purpose of obtaining a nominal judgment so that a plaintiff may then proceed with an action against his or her own UM carrier. The grant of an order for publication implies only that the plaintiffs have showed sufficient diligence to warrant service by publication for that purpose.

(Citation omitted.) *Williams v. Patterson*, 306 Ga. App. 624, 628-629 (2) (703 SE2d 74) (2010). However,

> [f]ollowing service on the owner or driver by the publication of the summons as provided in this subsection and service as prescribed by law upon the insurance company issuing the policy, *the plaintiff shall have a continuing duty to exercise diligence in attempting to locate the owner or driver against whom the claim exists*, but such obligation of diligence shall not extend beyond a period of 12 months following service upon the owner or driver by publication of the summons. However, regardless of such time limitations, should the plaintiff learn of the location of the owner or driver against whom the claim exists, the plaintiff shall exercise due diligence to effect service of process upon that owner or driver within a reasonable time period after receiving such information.

(Emphasis supplied.) OCGA § 33-7-11 (e).[7] As a result, "the act of publication alone is insufficient to establish proper service under OCGA § 33-7-11 (e)." *Hayward v. Retention Alternatives*, 291 Ga. App. 232, 235 (2) (661 SE2d 862) (2008); see also *Williams*, 306 Ga. App. at 629 (2). Here, the trial court found, and the record confirms, that Durland undertook no effort to locate Colotl once service by

---

[7] We have held, and reaffirm here, that OCGA § 33-7-11 (e) does not provide "an additional 12 months after service by publication in which to personally serve [a defendant]" or that it "supersede[s] the necessity of [Durland] showing that he exercised due diligence in attempting to perfect personal service upon [Colotl]." *Williams*, 306 Ga. App. at 628-629 (2).

8

publication was complete — a span running from March 2, 2017 to January 12, 2019. This delay of almost two years did not satisfy OCGA § 33-7-11 (e)'s requirement that a plaintiff continue "to exercise diligence in attempting to locate the owner or driver against whom the claim exists" and, therefore, Durland's service by publication never ripened into personal service. Once again, then, the trial court correctly dismissed Durland's renewal action.

2. Second, Durland asserts that the trial court erred when it concluded that a defendant must be personally served with process in an original action, to obtain a nominal judgment, before a renewal action is allowed. This contention is fused to Durland's prior argument and, in light of our decision in Division 1, we need not further consider it. See *Walker County*, 292 Ga. App. at 412 ("The dismissal of a complaint will be affirmed if right for any reason.").[8]

In sum, we conclude that the renewal provisions of OCGA § 9-2-61 (a) did not apply to Durland's purported renewal action in view of his failure to personally serve Colotl in the original action, following service by publication and a lack of diligence

---

[8] In any event, contrary to Durland's argument, the service provisions of subsection (d) of OCGA § 33-7-11, rather than subsection (e), would govern cases in which the defendant is unknown and suit is initiated against "John Doe."

to locate Colotl. See OCGA § 33-7-11 (e). Therefore, we affirm the trial court's order granting USAA's motion to dismiss Durland's complaint.

*Judgment affirmed. McFadden, C. J., and Doyle, P. J., concur*.