**FIRST DIVISION**
**BARNES, P. J.,**
**GOBEIL and MARKLE, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**February 17, 2022**

# In the Court of Appeals of Georgia

A21A1316. GRIFFIN v. STEWART.

MARKLE, Judge.

In this personal injury case arising from a car wreck, Towansa Griffin appeals from the trial court's dismissal of her complaint with prejudice for failure to timely serve defendant Raymond Stewart. On appeal, Griffin contends the trial court erred because Stewart was served both by publication and personally, and she was not guilty of laches; and the dismissal should have been without prejudice. For the reasons that follow, we affirm the dismissal of the action, but vacate the trial court's order to the extent it dismissed the action with prejudice.

"A trial court's ruling on a motion to dismiss a complaint for insufficient service of process will be upheld on appeal absent a showing of an abuse of discretion. Factual disputes regarding service are to be resolved by the trial court, and

the court's findings will be upheld if there is any evidence to support them." (Citations and punctuation omitted.) *Griffin v. Trinidad*, 357 Ga. App. 492 (850 SE2d 878) (2020).

So viewed, the record shows that Griffin filed her complaint in March 2019, alleging that she was injured as a result of a multiple vehicle accident caused by Stewart, a resident of Ohio, on October 25, 2017. Stewart answered by special appearance in April 2019, raising the defense of insufficient service of process, among others.

On October 29, 2019, Griffin moved to serve Stewart by publication. She attached to her motion an affidavit of due diligence, pursuant to OCGA § 9-11-4 (f) (1) (A), and documents showing five failed attempts to serve Stewart between May and October 2019 in both Ohio and Georgia. The trial court granted the motion, and the notice was published in accordance with OCGA § 9-11-4 (f) (1) (C) throughout December 2019 and January 2020. Stewart then moved to dismiss the complaint for lack of service. More than a month later, Griffin responded to the motion and also moved for default judgment based on Stewart's failure to file an answer after he had been served by publication.

In August 2020, Griffin moved for the appointment of a special process server, which the trial court granted, and Stewart was personally served at his residence in Georgia on August 9, 2020, more than two years after the complaint had been filed, and more than nine months after the statute of limitation had run. Two days later, the trial court heard argument on Stewart's motion to dismiss. The trial court granted the motion, finding that Griffin failed to exercise the greatest possible diligence in serving Stewart after the statute of limitation ran and, therefore, the personal service did not relate back to the filing of the complaint. This appeal followed.

1. In related enumerations of error, Griffin contends that the trial court abused its discretion in dismissing her complaint because she served Stewart both by publication and personally, and the service related back to the time of the filing of the complaint because she was not guilty of laches. We disagree.

> Where service is made after the statute of limitation expires, the timely filing of the complaint tolls the statute only if the plaintiff shows that he acted in a reasonable and diligent manner in attempting to ensure that a proper service was made as quickly as possible. However, when the statute of limitation has expired, and a defendant raises the issue of defective service, the plaintiff must act with the greatest possible diligence from that point forward in order to serve the defendant or risk dismissal of his case. Under both standards, a plaintiff has the burden of showing she exercised the required diligence and that there are no

3

unexplained lapses in her attempts to serve the defendant; this showing
must be supported by specific dates and details.

(Citations and punctuation omitted.) *Lipscomb v. Davis*, 335 Ga. App. 880, 880-881
(783 SE2d 398) (2016).

Here, the statute of limitation ran on or about October 26, 2019, and it is
undisputed that Stewart was not served prior to that date.[1] See OCGA § 9-3-33.
Because Stewart had raised the issue of lack of service in his special appearance
answer, Griffin was required to "act with the greatest possible diligence from that
point forward" to perfect service on Stewart. *Lipscomb*, 335 Ga. App. at 880; see also
*Griffin*, 357 Ga. App. at 495 (1). Although she contends that she satisfied that heavy
burden by effecting both service by publication and personal service on Stewart, we
are not persuaded.

---

[1] Griffin contends that, pursuant to OCGA § 9-3-99, the statute of limitation did
not expire until December 2019, the date of the alleged discharge of Stewart's citation
for following too closely. See *Beneke v. Parker*, 285 Ga. 733, 734 (684 SE2d 243)
(2009); OCGA § 40-6-49 (a). However, Griffin proffered no evidence to support her
position, and thus there is nothing in the record to refute the trial court's finding that
the two-year statute of limitation expired on October 26, 2019. Moreover, because
discovery has typically not ensued at this stage of the litigation, "[a] dismissal for
insufficiency of service of process is a finding by the trial court that service was not
perfected in a reasonable and diligent manner within the *prescribed* statute of
limitation[.]" (Citation omitted; emphasis supplied.) *Mangram v. City of Brunswick*,
324 Ga. App. 725, 727 (1) (b) (751 SE2d 523) (2013).

(a) *Service by publication*.

Because Griffin relies heavily on the effect of the service by publication, we address this claim of error first. Griffin contends that the trial court erred by ultimately dismissing her case because its initial grant of her motion to serve by publication amounted to an implicit finding that she had exercised the requisite due diligence. She is correct that, by virtue of its order in November 2019, the trial court found she had been diligent in her service attempts *to that point*. See *Smith v. Johnson*, 209 Ga. App. 305, 306 (1) (433 SE2d 404) (1993), overruled on other grounds by *Ragan v. Mallow*, 319 Ga. App. 443 (744 SE2d 337) (2012). However, the record is devoid of evidence documenting any effort to perfect service on Stewart between October 2019 and August 2020, when he was personally served.

For this reason, Griffin's reliance on *Starr v. Wimbush*, 201 Ga. App. 280 (410 SE2d 776) (1991), overruled on other grounds by *Ragan*, 319 Ga. App. at 447 (2), and overruled on other grounds by *Giles v. State Farm Mut. Ins. Co.*, 330 Ga. App. 314 (765 SE2d 413) (2014), is misplaced. In *Starr*, after due diligence was established by virtue of an order permitting service by publication, the record showed that plaintiff took "several additional steps . . . to locate defendant" thereafter, and perfected personal service less than two months later. 201 Ga. App. at 281 (2). There,

5

we found that the trial court abused its discretion in finding the plaintiff did not perfect service with the requisite due diligence.

The record here does not demand the same result. Notably, Griffin did not move for service by publication until October 29, 2019, three days after the statute of limitation had expired, and did not move for the appointment of a special process server until August 6, 2020, an additional nine months later. Given this unexplained lapse between October 2019 and August 2020,[2] the trial court did not err in finding that Griffin failed to act with sufficient diligence in perfecting service, despite having previously found, in early November 2019, that she had met the diligence requirements for service by publication. See *Lipscomb*, 335 Ga. App. at 880-881; see also *Smith*, 209 Ga. App. at 306 (1) (remand to trial court to determine whether plaintiff was diligent in serving defendant where record showed no attempts for six months between service by publication and effecting personal service).

To the extent that Griffin contends that service by publication was sufficient to confer personal jurisdiction on Stewart, we disagree. The general rule is that

---

[2] At the hearing, Griffin's counsel insisted that the search for Stewart continued after he was served by publication, but offered no testimony or documentary evidence to show specific dates or events. See *Lipscomb*, 335 Ga. App. at 880-881 ("[T]his showing must be supported by specific dates and details.") (citation and punctuation omitted).

service by publication does not confer personal jurisdiction against defendants in tort actions except when "the defendant is a resident who is actually present within the jurisdiction of the court, has actual knowledge of the suit, and wilfully secrets himself in order to frustrate all reasonable efforts to effect personal service." (Citations and punctuation omitted.) *Ragan*, 319 Ga. App. at 446-447 (2); see *Durland v. Colotl*, 359 Ga. App. 170, 173 (1), n. 6 (855 SE2d 83) (2021); OCGA § 9-11-4 (f) (1) (A). "[T]his inquiry is heavily fact specific and must be done on a case-by-case basis." *Henderson v. James*, 350 Ga. App. 361, 365 (829 SE2d 429) (2019).

Here, there was no evidence that Stewart was wilfully evading service, nor did the trial court so find.[3] Rather, the attachments to the motion for service by publication merely show that (a) three attempts to serve Stewart were made at a single address in Ohio between May and June 2019, but he did not reside there; (b) service was attempted in Arnoldsville, Georgia in September 2019, but Stewart no longer resided at that address; and (c) another attempt to serve him in Ohio in October 2019 failed because he did not reside at that address. Moreover, the trial court heard no testimony to establish that Stewart had wilfully evaded service. As such, personal

---

[3] The order permitting service by publication merely tracks the language of OCGA § 9-11-4 (f) (1) (A) in declaring that Stewart "is either a nonresident of this State *or* has concealed himself." (Emphasis supplied.)

jurisdiction did not attach as a result of the service by publication. See *Wyatt v. House*, 287 Ga. App. 739, 740 (1) (652 SE2d 627) (2007), overruled on other grounds by *Ragan*, 319 Ga. App. at 447 (2), (no in personam jurisdiction where plaintiff offered no facts to show tortfeasor had wilfully evaded service); *Southeastern Security Ins. Co. v. Lowe*, 242 Ga. App. 535, 536 (1) (530 SE2d 231) (2000) (same); see also *Henderson*, 350 Ga. App. at 365 (no in personam jurisdiction where there was no evidence that tortfeasor had actual notice of the suit against him).

(b) *Personal service*.

Griffin next argues that the trial court abused its discretion in finding that the she was guilty of laches and, thus, personal service did not relate back to the date of the complaint. We disagree.

> [W]hen the statute of limitation expires between the date of filing and the date of service, whether that service relates back is dependent upon the length of time and the diligence of the plaintiff. The correct test must be whether the plaintiff showed that he acted in a reasonable and diligent manner in attempting to insure that a proper service was made as quickly as possible. A reasonable rule must be that in such case the trial judge should look at all the facts involved and ascertain whether the plaintiff was in any way guilty of laches. The plaintiff has the burden of showing lack of fault. Determining whether this burden has been met is

8

in the trial court's discretion, and the trial court's finding will not be disturbed absent an abuse of discretion.

(Citations and punctuation omitted.) *Williams v. Bragg*, 260 Ga. App. 377, 378 (579 SE2d 800) (2003), overruled on other grounds by *Van Omen v. Lopresti*, 357 Ga. App. 9, 14 (2) (849 SE2d 758) (2020).

Here, the trial court found that Griffin was guilty of laches because she did not attempt to personally serve Stewart between October 2019 and August 2020.[4] Because there is an absence of evidence documenting any effort to effect personal service on Stewart during this time, Griffin cannot meet her burden to show that the trial court abused its discretion in so finding. See *Griffin*, 357 Ga. App. at 495-496 (1) (plaintiff failed to exercise the greatest possible diligence where five months elapsed before serving defendants and "the record [was] devoid of evidence of the dates or of any specific details regarding previous unsuccessful attempts to serve them at those addresses."); cf. *UHS of Peachford v. Brady*, 361 Ga. App. 290, 292 (864 SE2d 129) (2021) (trial court abused its discretion in denying motion to dismiss

---

[4] The trial court specifically noted that the first four months of this period fell prior to the issuance of the first judicial emergency order that suspended litigation deadlines due to the pandemic. See Order of the Supreme Court of Georgia Declaring Statewide Judicial Emergency (March 14, 2020).

9

for lack of service where service was delayed for three months after the statute of limitation had expired and plaintiff failed to show any service efforts during that time); see also *Parker v. Silviano*, 284 Ga. App. 278, 279-280 (1) (643 SE2d 819) (2007) (trial court did not abuse its discretion in dismissing complaint where defendant was not served until 18 days after the filing of the complaint and 10 days after the statute of limitation expired, and plaintiff failed to account for the delay). Accordingly, we affirm the trial court's dismissal of the complaint for lack of service.

2. Griffin next argues that the trial court erred by dismissing her complaint with prejudice. We agree.

> A dismissal for insufficiency of service of process is a finding by the trial court that service was not perfected in a reasonable and diligent manner within the prescribed statute of limitation and is not a ruling that the plaintiff's action is, in fact, barred by the running of the statute of limitation. On such a motion to dismiss, the trial court cannot determine on the merits that the plaintiff's action is barred by the running of the statute of limitation, because such issue is a factual issue and must eliminate the factual issue of tolling.

(Citation omitted.) *Mangram v. City of Brunswick*, 324 Ga. App. 725, 727-728 (1) (b) (751 SE2d 523) (2013). The trial court therefore erred by dismissing Griffin's complaint with prejudice. Id. at 728 (1) (b). Accordingly, we vacate this portion of

10

the trial court's judgment, and remand with direction that the case be dismissed without prejudice. In making this ruling, we, of course, express no opinion whatsoever on whether a refiling of the action would now be barred by the applicable statute of limitation.

*Judgment affirmed in part, vacated in part, and case remanded with direction.* *Barnes, P. J., and Gobeil, J., concur*.