**FIRST DIVISION
BARNES, P. J.,
BROWN and HODGES, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**September 7, 2022**

# In the Court of Appeals of Georgia

A22A0761. ROSSER v. LYNN et al.

HODGES, Judge.

Leroy Rosser sued Phylicia D. Lynn and Darryl J. Watson (collectively "Defendants") for damages allegedly sustained as the result of an automobile accident. Rosser never obtained personal service on either defendant, and the trial court dismissed his lawsuit. Rosser timely appealed, and because the trial court failed to address his motion for service by publication, we vacate the trial court's judgment and remand this case with direction.

"We review a trial court's denial of a motion for service by publication and associated dismissal of a complaint for an abuse of discretion."(Citation omitted.) *Humphries v. Weekly*, 360 Ga. App. 59 (860 SE2d 619) (2021).

So viewed, the record shows that Rosser filed suit on December 31, 2019 contending that, on February 6, 2018, his car was struck by a car, driven by Watson, which was owned by Lynn. The lawsuit was forwarded to the sheriff for service. On January 17, 2020, the sheriff attempted service on Watson, but was unsuccessful. The sheriff attempted service on Lynn on January 23, 2020, but was also unsuccessful. On February 5, 2020, both Defendants filed a special answer in which they raised the defenses of lack of service, improper service of process, and lack of personal jurisdiction.

On February 27, 2020, Rosser filed a motion to appoint a special process server, which was granted on March 3, 2020. The process server executed two affidavits of due diligence to serve process on April 17, 2020. In those affidavits, she averred that she attempted to serve both Watson and Lynn on March 27, 2020 at two new addresses in Georgia, but that at both addresses the current residents stated they were unfamiliar with Defendants.

On April 23, 2020, Rosser filed a motion for service by publication along with an affidavit by his attorney. Rosser's attorney testified that the process server did an online search which led to service attempts at the two additional addresses and that Defendants' counsel refused to disclose their addresses. Attached to Rosser's

2

counsel's affidavit were reports on each defendant which contained, among other things, addresses and phone numbers currently or previously connected to Defendants, as well as contact information for potential family and associates of Defendants.[1]

On December 9, 2020, Defendants filed a motion to dismiss due to the failure to serve them with process. Apparently, at some point, there was a hearing on the motions of the parties, but there is no transcript in the record and no written order was entered as a result of this hearing. On October 6, 2021, Rosser moved to appoint a new process server, which was granted. Although the process server attempted service on Watson at a new address, it was unsuccessful.

On October 29, 2021, Defendants opposed Rosser's motion for service by publication and renewed their motion to dismiss the lawsuit. The trial court granted the motion to dismiss on November 2, 2021. The trial court did not explicitly rule on the motion for service by publication on the record. Rosser appeals. In related enumerations, Rosser contends that the trial court erred in implicitly denying his motion for service by publication and in granting Defendants' motion to dismiss.

---

[1] Defendants raised no hearsay or authentication objection to the affidavit or its exhibits.

Because the trial court did not explicitly rule on the record on Rosser's motion for service by publication, we agree that it erred in granting the dismissal.

Under Georgia law, an individual has two years to bring a claim for personal injury, which in this case would have been February 6, 2020. OCGA § 9-3-33.

> Although a plaintiff must file his complaint within the applicable period of limitation, the law allows the same to be served beyond that applicable period. If the timely filing of the pleading is followed by timely service perfected as authorized by law, the subsequent service will relate back to the initial filing even though the statute of limitation has run in the interim. In other words, if the filing of the petition is followed by timely service perfected as required by law, although the statute of limitation runs between the date of the filing of the petition and the date of service, the service will relate back to the time of filing so as to avoid the limitation.

(Citations and punctuation omitted.) *Van Omen v. Lopresti*, 357 Ga. App. 9, 10 (2) (849 SE2d 758) (2020). "When service is made outside the limitation period, the plaintiff has the burden of showing that due diligence was exercised." Id. at 11 (2). "[O]nce the plaintiff becomes aware of a problem with service, his duty is elevated to an even higher duty of the greatest possible diligence to ensure proper and timely service." (Citation and punctuation omitted.) *Swain v. Thompson*, 281 Ga. 30, 32 (2) (635 SE2d 779) (2006). "In determining whether a plaintiff exercised the greatest

4

possible diligence, we focus on the plaintiff's actions, not the [d]efendant[s']. The fact that a defendant may be hard to find does not justify a lack of effort on the part of a plaintiff." (Citation and punctuation omitted.) *Lipscomb v. Davis*, 335 Ga. App. 880, 881 (783 SE2d 398) (2016).

Here, the statute of limitation unquestionably ran in February 2020; thus, an analysis of Rosser's diligence in attempting service is key. On February 5, 2020, Defendants filed a special appearance answer in which they raised service defenses, thereby triggering the greatest possible diligence by Rosser. Rosser then secured the appointment of a special process server who obtained a report which led to service attempts on two new addresses for Defendants in March of 2020. He then moved for service by publication and admittedly "took no further action" to attempt to serve Defendants for a year and a half.

Georgia law permits service by publication under certain circumstances. Specifically,

> [w]hen the person on whom service is to be made resides outside the state, or has departed from the state, or cannot, after due diligence, be found within the state, or conceals himself or herself to avoid the service of the summons, and the fact shall appear, by affidavit, to the satisfaction of the judge or clerk of the court, and it shall appear, either by affidavit or by a verified complaint on file, that a claim exists against

5

the defendant in respect to whom the service is to be made, and that he or she is a necessary or proper party to the action, the judge or clerk may grant an order that the service be made by the publication of summons, provided that when the affidavit is based on the fact that the party on whom service is to be made resides outside the state, and the present address of the party is unknown, it shall be a sufficient showing of such fact if the affiant shall state generally in the affidavit that at a previous time such person resided outside this state in a certain place (naming the place and stating the latest date known to affiant when the party so resided there); that such place is the last place in which the party resided to the knowledge of affiant; that the party no longer resides at the place; that affiant does not know the present place of residence of the party or where the party can be found; and that affiant does not know and has never been informed and has no reason to believe that the party now resides in this state; and, in such case, it shall be presumed that the party still resides and remains outside the state, and the affidavit shall be deemed to be a sufficient showing of due diligence to find the defendant. This Code section shall apply to all manner of civil actions, including those for divorce.

OCGA § 9-11-4 (f) (1) (A). "It is the duty of the courts to determine whether the movant has exercised due diligence in pursuing every reasonably available channel of information. Though the trial court makes this determination initially, this Court must independently review whether the search for the absentee part[ies] was legally

adequate." (Citation and punctuation omitted.) *Reynolds v. Reynolds*, 296 Ga. 461, 463 (769 SE2d 511) (2015).

Here, the trial court did not "make[] this determination initially" on the record. We cannot review the trial court's decision for an abuse of discretion, because it is not clear that the trial court exercised its discretion at all, let alone did so properly, absent an explicit ruling on Rosser's motion for service by publication. Whether Rosser met the standard to be entitled to service by publication in April 2020 bears on the extent and reasonableness of his diligence in attempting service on Defendants thereafter. Accordingly, we vacate the trial court's grant of Defendants' motion to dismiss with direction that it first rule on Rosser's motion for service by publication. Once that ruling is made, the trial court can then reconsider Defendants' motion to dismiss.

*Judgment vacated and case remanded with direction. Barnes, P. J., and Brown, J., concur*.